

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-12-2002

# USA v. Moronta-Matos

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1745

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Moronta-Matos" (2002). *2002 Decisions*. Paper 721.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/721

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————————

No. 02-1745

—————————

UNITED STATES OF AMERICA

v.

EDWIN DIONICIO MORONTA-MATOS,

Appellant

—————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania

District Court Judge: Honorable Petrese B. Tucker
(D.C. Criminal No. 01-cr-00018)

—————————

Submitted Under Third Circuit L.A.R. 34.1(a)
October 29, 2002

Before: SLOVITER, FUENTES, Circuit Judges, and DEBEVOISE,[*] District Judge.

(Opinion Filed: November 8, 2002)

————————————

OPINION OF THE COURT

————————————

_____

[*]Hon. Dickinson R. Debevoise, U.S. District Judge for the District of New Jersey,
sitting by designation.

FUENTES, Circuit Judge:

On September 10, 2001, Edwin Dionicio Moronta-Matos ("Moronta-Matos") entered a plea of guilty to conspiracy to distribute 1,000 grams or more of heroin within 1,000 feet of a school or schools in violation of 21 U.S.C. §§ 841(a)(1), 846, and 853. On February 14, 2002, Moronta-Matos was sentenced to 150 months incarceration, to be followed by ten years of supervised release. Moronta-Matos's counsel filed a brief pursuant to Anders v. California expressing his belief that Moronta-Matos can not raise any non-frivolous issues for our review and directing us, as is required under Anders, to the two issues that he thought Moronta-Matos might raise on appeal. After being notified of Counsel's intent to withdraw, Moronta-Matos filed a pro se brief raising the issue of ineffectiveness of counsel.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Finding no merit in the potential issues raised by Counsel or the issues raised by Moronta-Matos, and finding, on independent review, no arguably non-frivolous issues in the record, we will affirm and grant Counsel's motion to withdraw.

Because we write for the parties, and because this appeal does not turn on the facts of the case, we will proceed directly to Counsel's arguments. First, Counsel notes that since Moronta-Matos entered into a plea agreement with the Government, he might challenge that agreement. An examination of the colloquy during which Moronta-Matos entered a plea of guilty, however, demonstrates that no meritorious appellate issue arises from the guilty plea. During the colloquy, the District Court made certain that Moronta-Matos understood the charge and wanted to enter a plea of guilty to that charge. The District Court ensured that Moronta-Matos was, in fact, guilty of each element of the crime. The District Court reviewed

2

the maximum penalties that could be imposed and the rights that Moronta-Matos was waiving by pleading guilty. At the end of the colloquy, having determined that Moronta-Matos's plea of guilty was knowing and voluntary, the District Court accepted the plea. Because the plea colloquy was adequate, Counsel correctly concluded that it presented no non-frivolous appellate issue. See United States v. Tannis, 942 F.2d 196, 197 (3d Cir. 1991).

Next, Counsel notes that Moronta-Matos might challenge the sentencing determination made by the District Court. The District Court imposed a sentence of incarceration of 150 months, which was below the otherwise applicable guideline range of 210 to 262 months. We review a district court's decision to depart downwards from the Sentencing Guidelines for an abuse of discretion, United States v. Jacobs, 167 F.3d 792, 798 (3d Cir. 1999), but "[w]e lack jurisdiction to review a refusal to depart downward when the district court, knowing it may do so, nonetheless determines that departure is not warranted." United States v. McQuilkin, 97 F.3d 723, 729 (3d Cir. 1996); accord United States v. Denardi, 892 F.2d 269, 272 (3d Cir. 1989) ("We look in vain for language governing a defendant's right to appeal the denial of relief under the foregoing circumstances. The portion of the statute providing for appeals by a defendant (18 U.S.C. § 3742) simply does not authorize such an appeal.") (footnote omitted).

Here, the District Court made a particularized inquiry into whether, and to what extent, Moronta-Matos should receive a downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. §3553(e) based on his substantial assistance in the investigation and prosecution of other persons. The District Court's refusal to impose a lesser sentence was based on the seriousness of the crime in which Moronta-Matos admitted participating and his admitted role

3

as a manager.  It is clear from the record  that the District Court was aware that it could have departed downward to further reduce Moronta-Matos's sentence, but nonetheless declined to do so.  That decision is unreviewable by this Court.

As noted above, Moronta-Matos filed a pro se brief raising additional arguments.  Although we generally rely on the Anders brief to identify the issues raised for appeal, we may look at the pro se brief as well.  See United States v. Youla, 241 F.3d 296, 301 (3d Cir. 2001).  In his pro se brief, Moronta-Matos contends that Counsel was ineffective.  We refuse to review this claim because we generally do not review ineffective assistance claims on direct appeal and prefer that they be raised in a collateral proceeding under 28 U.S.C. § 2255.  See e.g. United States v. Pultrone, 241 F.3d 306, 308 (3d Cir. 2001);  United States v. Cocivera, 104 F.3d 566, 570 (3d Cir. 1996).[1]

Counsel conducted a conscientious review of the record and concluded that there were no non-frivolous issues that could be raised on appeal, as required.  Anders, 386 U.S. at 744.  Because counsel has complied with all of the procedures specified in Anders, we will grant his

---

[1]There is a "narrow exception" to this rule "[w]here the record is sufficient to allow determination of ineffective assistance of counsel. . . ."  United States v. Headley, 923 F.2d 1079, 1083 (3d Cir. 1991).  We find that to the extent that any of Moronta-Matos's claims are reviewable under this exception, they are without merit.  Specifically, Moronta-Matos contends that he was eligible for the "safety valve" of U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f) and that his counsel was, therefore, ineffective for failing to raise the issue.  Moronta-Matos, however, was not eligible for the "safety valve" because he admitted during the plea colloquy that he was an "organizer or leader, manager, or supervisor of others in the offense."  U.S.S.G. § 5C1.2.  Moreover, application of the "safety valve" merely permits a sentence to be imposed below the mandatory minimum.  Moronta-Matos can not demonstrate prejudice because the District Court would not necessarily have exercised its discretion to downward depart for this reason.

4

motion for withdrawal. After carefully reviewing the briefs and accompanying materials of record, we will affirm Moronta-Matos's conviction and sentence. We have conducted an independent examination of the record before us, and we agree with counsel that there are no non-frivolous issues that justify review.

For the foregoing reasons, we will AFFIRM the Order of the District Court and GRANT counsel's request to withdraw.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

/s/ Julio M. Fuentes

Circuit Judge