

1996 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-26-1996

# United States v. Cocivera

Precedential or Non-Precedential:

Docket 96-1071

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

Recommended Citation
"United States v. Cocivera" (1996). *1996 Decisions.* Paper 18.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/18

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


No. 96-1071


UNITED STATES OF AMERICA

v.

JOHN COCIVERA,
                    Appellant


No. 96-1072


UNITED STATES OF AMERICA

v.

U.S. HEALTH PRODUCTS, INC.,
                    Appellant


No. 96-1073


UNITED STATES OF AMERICA

v.

NORTH AMERICAN HEALTH INDUSTRIES, INC.,
                    Appellant


No. 96-1074


UNITED STATES OF AMERICA

v.

AMERICAN HEALTH PRODUCTS, INC.,
                    Appellant

No. 96-1075


UNITED STATES OF AMERICA

v.

BENEFICIAL HEALTH PRODUCTS, INC.
                    Appellant



No. 96-1076


UNITED STATES OF AMERICA

v.

UNIVERSAL MEDICAL COMPANY, INC.,
                    Appellant



No. 96-1077


UNITED STATES OF AMERICA

v.

MID-ATLANTIC HEALTH PRODUCTS, INC.,
                    Appellant



On Appeal from the United States District Court
     for the Eastern District of Pennsylvania
 (D.C. Nos. 94-cr-00365-1, 94-cr-00365-3, 94-cr-00365-4,
94-cr-00365-5, 94-cr-00365-6, 94-cr-00365-7, 94-cr-00365-8)



Argued July 15, 1996

Before:  SLOVITER, Chief Judge,
 COWEN and ROTH, Circuit Judges

(Opinion filed December 26, 1996)

Richard M. Meltzer    (Argued)
Mesirov, Gelman, Jaffe, Cramer & Jamieson
Philadelphia, PA  19103-7589

          Attorney for Appellants

Richard P. Barrett    (Argued)
Office of United States Attorney
Philadelphia, PA  19106

Debra L.W. Cohn        (Argued)
United States Department of Justice
Washington, D.C.  20530

          Attorneys for Appellee

OPINION OF THE COURT


SLOVITER, Chief Judge.


        Appellant John Cocivera and six corporations that he established were convicted by a jury of various crimes arising out of a scheme to defraud Medicare.  The principal issues before us concern Cocivera's waiver of his right to counsel and his representation of the defendant corporations.

                                I.

        Cocivera was the chief executive officer and fifty percent owner of six Pennsylvania corporations that were created in August 1989 to provide medical equipment to Medicare beneficiaries through a national telemarketing operation. Cocivera and the corporations were indicted in September 1994 in the United States District Court for the Eastern District of Pennsylvania on one hundred forty-four (144) counts of mail fraud in violation of 18 U.S.C. § 1341, twenty-eight (28) counts of filing false Medicare claims in violation of 18 U.S.C. § 287, ten (10) counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i), twenty-two (22) counts of engaging in money transactions in violation of 18 U.S.C. § 1957(a), and one count of structuring transactions to evade reporting requirements in violation of 31 U.S.C. § 5324(a)(3).  The government alleged, inter alia, that the defendants engaged in telemarketing to senior citizens using false and misleading statements, sent preprinted certificates of medical necessity (CMNs) containing false and misleading statements to physicians' offices, altered certificates of medical necessity from physicians, made false statements to senior citizens at the time of delivery in order to secure assignment of Medicare payments, submitted false claims to Pennsylvania Blue Shield, and made false and misleading statements to physicians, Medicare and administrative law judges to forestall complaints and make apprehension less likely.

Cocivera and U.S. Health Products, Inc., the umbrella company, were found guilty of all 205 counts by a jury in May 1995. Each of the other corporations was convicted, although on a lesser number of counts than charged. Cocivera was sentenced to a 78 month prison term, a three year term of supervised release, and a special assessment of $10,250. The corporate defendants received assessments totalling $77,000. The defendants filed timely notices of appeal; we have jurisdiction under 28 U.S.C. § 1291.

## II.

The attorney originally retained by the defendants withdrew more than five months before the trial began and the court appointed Thomas Bergstrom, a well known criminal lawyer, to represent all the defendants. At the start of the second day of trial, and after four witnesses had testified, Cocivera asked to address the court without the jury. The court gave him that opportunity. Cocivera began by stating that he found Bergstrom to be "a very intelligent and very capable attorney," and that "I'm thankful I have him as an attorney." App. at 98. Cocivera then proceeded to make various complaints about Bergstrom's performance. Id. at 99–103. Although Bergstrom had spent nine or ten hours with Cocivera in the course of his preparation, Cocivera complained that the time Bergstrom spent with him was inadequate, complained that Bergstrom declined to interview certain persons or to file certain motions that Cocivera wished to file, such as for a continuance, and complained about various decisions made by Bergstrom which were, in essence, elements of Bergstrom's trial strategy, such as his cross-examination.

Cocivera then asked the court three questions: first, if he could file motions, second, if he could have a continuance or, third, if he would be allowed to act as co-counsel so that he "may ask some questions of the witnesses that I feel are very pertinent . . . . I just want to get to the facts as I think they should be brought out." Id. at 104.

The district court heard from Bergstrom who explained the trial preparation that he had done and his reason for declining to file the motions referred to by Cocivera. In addition, although Bergstrom had not examined all the many files to which Cocivera had referred, he had spent some three hours looking through those documents, he had also reviewed the 300 government exhibits, reviewed all the Jencks material pertaining to the 30 government witnesses, and planned to review the remaining documents with the services of an accountant. Id. at 105–106. Bergstrom explained that he believed "that this case requires simplification and not more complexity." Id. at 106. He concluded that in spite of the difference in approach he and Cocivera had, "I'm prepared to continue." Id. The court then heard from the government lawyer who argued that it would be inappropriate for Cocivera to serve as co-counsel and who opposed all of Cocivera's requests.

The district court then ruled that Cocivera could "file whatever motions he wishes and I will take a look at them." Id.at 113. With respect to Cocivera's complaints about Bergstrom, the district court found that Bergstrom had proceeded

conscientiously and expressed confidence that he would do so throughout the trial. The court concluded: "Mr. Bergstrom is at the very top of his profession . . . . If [he] isn't doing an adequate job, we simply don't have the talent to handle this case in the Eastern District of Pennsylvania." Id. at 114. The court, noting the difficulties of hybrid representation, declined to allow Cocivera to serve as co-counsel, stating "although I find that there is no good cause for defendant's dissatisfaction with Mr. Bergstrom, he, the defendant, Mr. Cocivera does have a constitutional right to represent himself if he wishes." Id.

The court then asked Cocivera if he wanted the court to conduct the required colloquy on the issue, but Cocivera asked if he could wait until the end of the day or the next day to see how counsel performed. The court insisted that Cocivera decide whether he wanted to represent himself, and Cocivera replied, "Yes, I guess I do," id. at 115, whereupon the court conducted the colloquy, consisting of a series of questions concerning his knowledge of law, his experience representing himself or others in a criminal trial, his familiarity with the indictment, and the possible penalty range if convicted. The court also told him that he would be "on your own," without help or guidance from the court, and asked if he was familiar with the rules of procedure and evidence and the relevant statutory provisions. The court advised Cocivera "from the bottom of my heart, sir," that he would be "far better represented by a trained lawyer particularly Mr. Bergstrom." Id. at 117.

In response, Cocivera stated that all he really wanted was to be able to supplement Bergstrom's knowledge. "I have no reason too [sic] want to represent myself." Id. The court then repeated the question whether he wanted to represent himself. Cocivera responded: "Yes, your Honor." Id. at 118. After the court found that Cocivera had knowingly and voluntarily waived his right to counsel, it permitted him to represent himself, and appointed Bergstrom as standby counsel. Asked if he had further comments, Cocivera responded: "No, Your Honor." Id.

When Cocivera was about to begin questioning the next witness, the court asked whether he would also represent the defendant corporations, and Cocivera replied "yes," to which the court appeared to assent. Id. at 120. From the record, it appears that Bergstrom remained in the courtroom throughout the nine day trial. Following the convictions, new counsel represented defendants in presenting a motion for a new trial and represents them on this appeal.

### III.

Cocivera contends that his waiver of his right to counsel was not knowing or voluntary in violation of Faretta v. California, 422 U.S. 806 (1975). After careful review of the record, we conclude that there is ample support for the district court's finding to the contrary. The court engaged in a detailed colloquy with Cocivera to determine if he was aware of the charges against him and the penalty faced. The court fully explained the dangers of proceeding pro se and strongly urged Cocivera not to do so. We find no abuse in the fact that the possibility of so proceeding was first raised by the court. As

we stated in Government of the Virgin Islands v. James, 934 F.2d 468, 470 (3d Cir. 1991), "if the court determines that good cause for substitution of counsel does not exist, the defendant then is left with the choice of continuing with existing counsel or proceeding to trial pro se." In rejecting Cocivera's post-trial motion for a new trial, the district court noted that Cocivera is educated and articulate, and that he was "an intelligent and very able advocate," Order of August 8, 1995, a finding fully justified by our own reading of the transcript showing Cocivera's examination of witnesses and conduct during the trial. The district court also found that Cocivera's timing in raising the issue of Bergstrom's allegedly deficient preparation on the second day of the trial was a tactical decision. Inasmuch as the trial date had been specially listed and the jury impanelled and waiting in the middle of the government's presentation of its case, we find no error or abuse of discretion in requiring Cocivera to make his decision promptly.

Nor do we find merit in Cocivera's argument that his waiver of counsel was not timely. The very cases cited by Cocivera belie this argument since they merely state that the district court has the discretion to reject a defendant's waiver of counsel if it is not timely. See, e.g., Horton v. Dugger, 895 F.2d 714, 717 (11th Cir. 1990); United States v. Oakey, 853 F.2d 551, 553 (7th Cir. 1988), cert. denied, 488 U.S. 1033 (1989); United States v. Lawrence, 605 F.2d 1321, 1324-25 (4th Cir. 1979), cert. denied, 444 U.S. 1084 (1980). The district court had the discretion to allow Cocivera to proceed pro se even though the trial had already begun. Moreover, we note that Bergstrom, who had been appointed as standby counsel, was present throughout the trial and participated on the record on various occasions. See, e.g., App. at 664 (regarding a possible plea agreement), 669 (regarding applicable sentencing guidelines), 675, 838, 1201 (regarding the use of defense exhibits), 1205 (regarding certain stipulations), 1206, 1354 (assisting in the preparation of motions), 1355.

Thus, we reject Cocivera's argument that his waiver of his Sixth Amendment right to counsel was not voluntary, knowing or intelligent, or timely.

IV.

Cocivera claims that the assistance given at trial was ineffective. This court has long followed the practice of declining to consider a defendant's claim of ineffective assistance of counsel on direct appeal. As we have explained in our case law, the issue is ordinarily more appropriate for collateral attack. Government of the Virgin Islands v. Forte, 806 F.2d 73, 77 (3d Cir. 1986). This affords the opportunity to develop a factual basis for the claim that counsel's performance did not meet the standard for effective assistance of counsel. United States v. Theodoropoulos, 866 F.2d 587, 598 (3d Cir. 1989). It also gives the trial court the opportunity to hear counsel's explanation for the conduct at issue. Frequently, the direct appeal is handled by the same counsel who handled the trial, and it is patent that that counsel cannot forcefully argue ineffective assistance of trial counsel. United States v.

DeRewal, 10 F.3d 100 (3d Cir. 1993), cert. denied, 114 S.Ct. 1544 (1994).

On the other hand, we have recognized that in some cases, albeit rare, we may have a sufficient record on appeal to decide the issue and avoid the considerable effort of requiring the defendant to institute a collateral proceeding in order to raise the ineffective assistance of counsel claim. In Government of the Virgin Islands v. Zepp, 748 F.2d 125, 133 (3d Cir. 1984), we determined that the facts regarding the conflict of interest issue raised on direct appeal were clear on the record. Therefore, we held that under the circumstances of that case an ineffective assistance of counsel claim was cognizable on direct appeal.

Similarly, in United States v. Headley, 923 F.2d 1079, 1083 (3d Cir. 1991), we allowed an ineffective assistance of counsel claim on direct appeal where "an evidentiary hearing to develop the facts is not needed," because the record was sufficient to show that the attorney failed to raise a sentencing adjustment for the defendant being a minor participant in a criminal enterprise. We could find no tactical reason for the attorney's failure to raise the adjustment, and thus concluded that counsel's ineffective assistance was clear.

In this case, we also hold that under the circumstances we need not require Cocivera to pursue a collateral proceeding before we can rule on the ineffective assistance of counsel claim. The issue was raised by Cocivera on the second day of trial, and the district court held a hearing to decide the issue. Cocivera presented his claim to the district court cogently, as does his counsel on appeal, and Bergstrom explained the reasons for his actions and confirmed his preparedness and willingness to proceed. The district court ruled on Cocivera's claim twice – once orally when the issue was presented at trial, and again in its order of August 8, 1995 rejecting Cocivera's post-trial motions. The issue is thus cognizable in this case on direct appeal.

Turning to the merits, the district court ruled post trial that "Mr. Bergstrom's performance -- both before and after Mr. Cocivera waived the right to the assistance of counsel -- was highly professional and did not fall below any objective standard of reasonableness. See Strickland v. Washington, 466 U.S. 668, 688 (1984)." Order of August 8, 1995. We see no reason to overturn this ruling, and thus reject Cocivera's ineffective assistance of counsel claim.

V.

The corporations contend that they also did not voluntarily or knowingly waive their right to counsel. In United States v. Rad-O-Lite of Philadelphia, Inc., 612 F.2d 740, 743 (3d Cir. 1979), we considered the parameters of the constitutional right to counsel and noted that the "language does not suggest that the protection of sixth amendment rights is restricted to individual defendants." We held that the right to effective assistance of counsel applies to corporations, saying:

[A]n accused has no less of a need for effective assistance due to the fact that it

is a corporation. The purpose of the guarantee is to ensure that the accused will not suffer an adverse judgment or lose the benefit of procedural protections because of ignorance of the law. A corporation would face these same dangers unless the agent representing it in court is a competent lawyer. Thus, the right to effective assistance of counsel is not so peculiarly applicable to individuals that corporations should not be entitled to it.

Id. (citations omitted).

Neither counsel in this case has suggested that anything in the record indicates, much less demonstrates, that Cocivera was authorized by the corporations to substitute himself for Bergstrom. Nor is there any indication in the record that a change in representation for the corporations was even discussed with other corporate officers. It may be true, as the government argues, that Cocivera effectively ran the corporations and was their alter ego, but that does not mean that he had the right to decide alone to represent the corporations. Indeed, the record does not show whether Bergstrom's status as standby counsel also applied to the corporations, as the entire discussion between the district court and Cocivera regarding the corporate representation consisted of one simple question and answer.

Moreover, as the Supreme Court has stated, "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." Rowland v. California Men's Colony, 506 U.S. 194, 201–02 (1993); see also, Simbraw, Inc. v. United States, 367 F.2d 373 (3d Cir. 1966) (per curiam).

The cases cited by the government to support its contention that the corporations could proceed without being represented by counsel are inapposite. In In re Victor Publishers, Inc., 545 F.2d 285, 286 (1st Cir. 1976) (per curiam), the court upheld the general rule that a corporation must be represented by licensed counsel. Although dictum in a footnote referred to an earlier First Circuit case, In re Las Colinas, 453 F.2d 911 (1st Cir. 1971), cert. denied, 405 U.S. 1067 (1972), that supposedly made an exception allowing a corporation to be represented by a non-lawyer when that individual had demonstrated extraordinary legal ability, we find no reference in Las Colinasto allowing corporations to be represented by a non-lawyer. Nor could a district court in its later opinion in the ongoing LasColinas litigation find the reference to the representation issue in the case cited in the Victor footnote. See Schreibman v. Walter E. Heller Co., 446 F. Supp. 141, 144 n.7 (D.P.R.) (holding that a corporation could not be represented by a non-lawyer), aff'd sub nom. Las Colinas Dev. Corp v. Schreibman, 577 F.2d 723 (1st Cir. 1978).

The government also cites United States v. Reeves, 431 F.2d 1187 (9th Cir. 1970), for the proposition that a partnership's managing partner may represent the partnership when state law gives a partner a specific right to the property sought

to be foreclosed. However, the Ninth Circuit later held that the Supreme Court's Rowland opinion had overruled Reeves "to the extent that Reeves stood for the proposition that non-attorney members of a partnership could appear on behalf of the partnership." See In re America West Airlines, 40 F.3d 1058, 1059 (9th Cir. 1994). In any event, the issue before us is representation of a corporation, not a partnership.

Similarly, even the decision in In the Matter of Holliday's Tax Services, Inc., 417 F.Supp. 182 (E.D.N.Y. 1976), aff'd, 614 F.2d 1287 (2d Cir. 1979), where the district court made a limited exception allowing a small closely-held corporation to be represented in bankruptcy proceedings by its sole shareholder if the corporation was financially unable to hire an attorney, was cited in Rowland as among the "aberrant" cases holding contrary to the general rule. Rowland, 506 U.S. at 202 n.5.

The government's citation to the district court decision in Willheim v. Murchison, 206 F. Supp. 733 (S.D.N.Y. 1962), allowing a stockholder and non-lawyer to represent himself and other similarly situated stockholders in a derivative action, is surprising in light of the criticism of the reasoning of Willheim by the court of appeals of that circuit. See Phillips v. Tobin, 548 F.2d 408, 411 n.4 (2d Cir. 1976) (refusing to allow a stockholder to file pro se in a derivative suit).

We thus find that none of the cases cited by the government actually deviate from the general rule that a corporation may not be represented by other than licensed counsel. The district court's action in permitting Cocivera to represent the corporation ran against almost unbroken precedent. See, e.g., Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985), cert. denied, 474 U.S. 1058 (1986); Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 23 (2d Cir. 1983); Southwest Express Co., Inc. v. ICC, 670 F.2d 53 (5th Cir. 1982) (per curiam); Strong Delivery Ministry Ass'n. v. Board of Appeals of Cook County, 543 F.2d 32 (7th Cir. 1976) (per curiam). In fact, in Rowland the Supreme Court stated of the rare cases holding to the contrary: "These cases neither follow federal precedent, nor have themselves been followed." Rowland, 506 U.S. at 202 n.5. Moreover, the cases referred to were civil cases and did not implicate the central issue here, which is whether a corporation may proceed in a trial as a criminal defendant represented by someone who is not an attorney.

In sum, the corporations in this case were not represented by counsel as contemplated by the Sixth Amendment. We cannot accept the government's argument that the appointment of Bergstrom as standby counsel "cured any problem with corporate representation in this case." Appellee brief at 33. Standby counsel cannot remedy the absence of counsel unless s/he "provides . . . the mandated assistance . . . ." at all crucial stages of the proceedings. United States v. Novak, 903 F.2d 883, 891 (2d Cir. 1990). The record does not even show that Bergstrom was standby counsel for the corporations. The district court appointed Bergstrom standby counsel for Cocivera as part of the decision allowing Cocivera to proceed pro se. App. at 118. At

the time of Cocivera's response to the court that he would also represent the corporations, the court said nothing concerning the appointment of standby counsel for the corporations. Id. at 120. There is nothing in the court's subsequent reminder to Cocivera that "I've appointed Mr. Bergstrom as your standby counsel and you should feel free to the extent as you wish, as you have, to consult from time to time," id. at 1201, to suggest that Bergstrom was standby counsel to the corporations as well as to Cocivera. We have no basis to assume that Bergstrom's participation as standby counsel on behalf of Cocivera was also on behalf of the corporations.

Because we conclude that the six corporations were not properly represented in this case, we must vacate their convictions and remand for a new trial.

VI.

For the reasons set forth, we will affirm the conviction and sentence of Cocivera but will vacate the convictions of the six corporations and remand for further proceedings.

_____