

2001 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-26-2001

# United States v. Pultrone

Precedential or Non-Precedential:

Docket 98-1535

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2001

Recommended Citation

"United States v. Pultrone" (2001). *2001 Decisions.* Paper 35.
http://digitalcommons.law.villanova.edu/thirdcircuit_2001/35

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2001 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed January 26, 2001

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 98-1535

UNITED STATES OF AMERICA

v.

RALPH PULTRONE,

      Appellant.

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 96-cr-00156-1)
District Judge: Honorable James McGirr Kelly

Submitted Under Third Circuit LAR 34.1(a)
September 12, 2000

Before: NYGAARD, ROTH and BARRY, Circuit Judges.

(Filed: January 26, 2001)

      Michael G. Paul, Esquire
      441 Main Street
      Metuchen, NJ 08840

      Attorney for Appellant

Richard P. Barrett, Esquire
Office of the United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

Attorney for Appellee

OPINION OF THE COURT

ROTH, Circuit Judge:

Ralph Pultrone appeals from a Judgment in a Criminal Case entered pursuant to our March 9, 1998 order remanding for resentencing following the government's appeal from the initial Judgment. Pultr one contends that there was insufficient evidence to sustain his conviction for attempting to possess cocaine with intent to distribute; that the District Court erred in applying a pr eponderance of the evidence standard to determine the amount of cocaine for which he was responsible; and that he r eceived ineffective assistance of counsel when his attorney failed to challenge the District Court's application of the preponderance of the evidence standard. Because we are convinced that Pultrone waived each of these allegations of error when he failed to pursue a direct appeal from the initial Judgment, we will dismiss this appeal for lack of jurisdiction.

I.

On June 19, 1996 a federal grand jury retur ned a superseding indictment, charging Pultr one with one count of conspiracy to possess cocaine with intent to distribute and one count of attempted possession of cocaine with intent to distribute, both in violation of 21 U.S.C.S 846.

In September 1996 a jury convicted Pultrone of attempted possession; he was found not guilty on the conspiracy count. At the sentencing hearing on April 2, 1997, the District Court rejected Pultr one's contention that he was responsible for only four ounces of cocaine and found that Pultrone had attempted to possess one kilogram of the drug. Accordingly, the Court assigned Pultrone a

2

base offense level of 26 in criminal history category II and sentenced him to a 76-month term of imprisonment, a sentence which fell below the midpoint of the applicable Guidelines range.

On April 4, 1997, the government filed a motion to correct sentence under Fed. R. Crim. P. 35(c), requesting that the District Court resentence Pultr one to the statutory minimum prison term mandated by 21 U.S.C.S 841(b)(1)(B).1 A hearing on the motion was set for May 6, 1997. On April 10, 1997, Pultrone filed a notice of appeal.

On May 2, 1997, the government requested that the hearing on its Rule 35(c) motion be canceled because the seven-day period for decision specified in the rule had expired. On the same day, the governmentfiled a notice of cross-appeal contending only that the District Court committed clear error in failing to sentence Pultrone to the ten-year statutory minimum term of imprisonment. Pultrone voluntarily withdrew his appeal.

We considered the government's appeal and agreed that the District Court should have sentenced Pultr one in accordance with the provisions of section 841(b)(1)(B). In the Judgment filed in March 1998, we dir ected "that the judgment of the . . . District Court entered April 3, 1997, be . . . vacated and the cause . . . remanded for further proceedings consistent with this opinion." United States v. Pultrone, No. 97-1327 (3d Cir. Mar ch 9, 1998).

_____

1. This section provides, in relevant part as follows:

> (B) In the case of a violation of subsection (a) of this section involving--

> (ii) 500 grams or more of a mixture or substance containing a detectable amount of --

> (II) cocaine . . .

> such person shall be sentenced to a term of imprisonment which may not be less than 5 years. . . . If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years. . . .

3

On June 9, 1998, the District Court resentenced Pultrone to a 120-month term of imprisonment in accor dance with our order. This timely appeal followed.

II.

In its brief, the government argues that because Pultrone failed to pursue the allegations of error raised here "when he first filed a direct appeal in 1997,[we are] without jurisdiction to review [those] argument[s] now." We agree. Each of these allegations of error could and should have been raised in that direct appeal; because Pultrone voluntarily withdrew the appeal, he failed to preserve these issues. "By withdrawing his [initial] notice of appeal, [Pultrone] has waived his right to appeal issues conclusively established by that judgment, in this case his conviction on count [two] of the indictment[,]" and the District Court's calculation of the amount of cocaine attributable to him. United States v. Mendes, 912 F.2d 434, 438 (10th Cir. 1990).

At resentencing, the action taken by the District Court reflected only our direction that the statutory minimum sentence be imposed; because Pultrone abandoned his appeal, no other aspect of his conviction or sentence was at issue. In this circumstance, "[t]he grant of remand on appeal does not reopen the order appealed from; instead, remand commences a new proceeding which will ultimately terminate in another final order ." Id. at 437-38 (citing 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure S 3901, at 1 (Supp. 1990)). We will not revisit here allegations of error which wer e conclusively determined by the original Judgment.

Our conclusion with respect to Pultrone's allegation that he received ineffective assistance of counsel is similar. As a general matter, we do not entertain claims r elating to ineffective assistance of counsel on dir ect appeal. United States v. Cocivera, 104 F.3d 566 (3d Cir . 1996). To the extent that this issue might have been appropriate for evaluation on direct appeal under the narr ow exception described in United States v. Headley, 923 F .2d 1079, 1083 (3d Cir. 1991), this issue, too, was waived when Pultrone

4

abandoned his original appeal. Any claim which Pultr one may have based on ineffective assistance of counsel must be raised under the provisions of 28 U.S.C.S 2255.

III.

Because Pultrone has waived each of the allegations of error raised here, we will dismiss this appeal for lack of jurisdiction.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit

5