

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-25-2003

# USA v. Solis

Precedential or Non-Precedential: Non-Precedential

Docket 02-2400

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Solis" (2003). *2003 Decisions.* Paper 621.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/621

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-2400

_____

UNITED STATES OF AMERICA

v.

JULIO SOLIS,

Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Crim. No. 96-cr-00483-5
District Judge: The Honorable Garrett E. Brown, Jr.

_____

Submitted Under Third Circuit LAR 34.1(a)
April 11, 2003

_____

Before: BARRY, ROSENN, <u>Circuit Judges</u> and POLLAK,[*] <u>District Judge</u>

_____

(Opinion Filed: April 25, 2003)

_____

OPINION

_____

---

[*] The Honorable Louis H. Pollak, Senior District Judge, United States Court for the Eastern District of Pennsylvania, sitting by designation.

BARRY, <u>Circuit Judge</u>

As we write primarily for the parties in this case, we will dispense with a full recitation of its facts. Appellant Julio Solis requests that his conviction and sentence be vacated and that his case be remanded for further plea negotiations or a new trial on the basis that he received ineffective assistance of counsel during the course of his decision to enter a guilty plea. As appellant relates the facts, when he decided to plead guilty, both he and his attorney, Kevin Sisco, were under the misapprehension that he would qualify for relief under the so-called "safety valve" provisions of the Sentencing Guidelines, <u>see</u> 18 U.S.C. § 3553(f), when, in fact, his criminal history rendered him statutorily ineligible. Appellant maintains on direct appeal that because the government's promise in the plea agreement to recommend the application of the safety valve was the primary inducement which drove his decision to plead guilty, his attorney's failure to discover his ineligibility prior to the plea amounted to constitutionally ineffective assistance of counsel.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and appellate jurisdiction is proper under 28 U.S.C. § 1291.

In general, we will not entertain a defendant's claim of ineffective assistance of counsel on direct appeal. <u>See</u>, <u>e.g.</u>, <u>United States v. Givan</u>, 320 F.3d 452, 464 (3d Cir. 2003); <u>Marshall v. Hendricks</u> 307 F.3d 36, 86 (3d Cir. 2002). Among the reasons that such a claim is not usually cognizable on direct appeal is the very important fact that there will not in the typical case exist a developed enough record upon which to assess the

2

efficacy of defense counsel. See United States v. Jake, 281 F.3d 123, 132, n. 7 (3d Cir. 2002). A narrow exception to this general rule exists, however. "In some cases, albeit rare[ly], we may have a sufficient record on appeal to decide the issue and avoid the considerable effort of requiring the defendant to institute a collateral proceeding in order to raise the ineffective assistance of counsel claim." United States v. Cocivera, 104 F.3d 566, 570-71 (3d Cir. 1996).

Appellant argues that this case falls within the narrow exception. We disagree. The record is devoid of much of the evidence necessary to resolve the issue of ineffective assistance. To be sure, appellant has already litigated a habeas corpus petition and, following remand, an evidentiary hearing was held at which testimony was taken. The scope of our remand, however, was limited to the question of whether counsel failed to provide effective assistance of counsel when he did not file a notice of appeal. There was no testimony that counsel gave (or did not give) appellant any assurance prior to the plea as to what he could expect his sentence to be, or whether he was eligible for the safety valve. In that same vein, Rap sheet data is ordinarily relied on by the prosecution and the defense in the plea bargaining process, and defense counsel needs to ascertain the facts underlying what is reported therein. We simply cannot tell whether counsel knew or should have known that there was anything beyond that listed on appellant's "rap sheet" to consider when rendering legal and tactical advice. Thus, the "lack of a fully developed record readily justifies our reluctance" to adjudicate appellant's ineffective assistance

3

claim on direct appeal, and we decline to do so. <u>Government of Virgin Islands v. Zepp</u>, 748 F.2d 125, 133 (3d Cir. 1984).

We will, thus, affirm the judgment of conviction and sentence. We trust that should appellant pursue his claim of ineffective assistance by means of a collateral attack, the District Court will be mindful of the fact that he has already served more than half of his ten-year sentence and adjudicate his claim expeditiously.[1]

TO THE CLERK OF COURT:

Kindly file the foregoing opinion.

/s/    Maryanne Trump Barry
Circuit Judge

---

[1]Given the unusual procedural context of Solis's prior habeas petition, a collateral attack alleging ineffective assistance of counsel with respect to the safety valve issue would not appear to be a "second or successive motion" within the meaning of Section 2255.