

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-13-2003

# USA v. Alexander

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3933

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Alexander" (2003). *2003 Decisions.* Paper 459.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/459

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-3933

UNITED STATES OF AMERICA

v.

MARIA F. ALEXANDER,
                    Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Crim. No. 00-cr-00692
District Judge:  The Honorable Stephen M. Orlofsky

Submitted Under Third Circuit LAR 34.1(a)
June 6, 2003

Before: BARRY, FUENTES, Circuit Judges, and McLAUGHLIN[*]

(Opinion Filed: June 13, 2003)

OPINION

---

[*]Honorable Mary A. McLaughlin, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

BARRY, Circuit Judge

On April 19, 2002, defendant Maria F. Alexander pled guilty to a charge of knowingly making false statements and representations in connection with her application for and receipt of workers' compensation benefits, in violation of 18 U.S.C. § 1920. On October 11, 2002, she was sentenced to five years probation and required to pay restitution in the amount of $27,722.00 and a special assessment of $100. On October 21, 2002, a timely Notice of Appeal was filed on defendant's behalf. Counsel subsequently filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and moved to withdraw from the case because, as she recites, there are no non-frivolous issues to raise on appeal. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and appellate jurisdiction is proper in this Court under 28 U.S.C. § 1291.

For her part, defendant has filed a *pro se* Informal Brief, in which she alleges, among other things, that she received ineffective assistance of counsel, and maintains that the "District Court based its decision on [her] attorney's entering a guilty plea against [her] wishes," and that defense counsel "ignored all of [her] relevant medical history . . . which is critical for understanding the events in this case." (Informal Brief at 1, 3).

If, "after a full examination of all the proceedings," defense counsel "decide[s that] the case is wholly frivolous," counsel may explain this conclusion to the court upon requesting leave to withdraw. Anders, 386 U.S. at 744. "If [the court] so finds[,] it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements

2

are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." Id. An appeal may be deemed frivolous if it "lacks any basis in law or fact." McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 439 n. 10 (1988).

Whether or not a plea hearing was properly conducted pursuant to Fed. R. Crim. P. 11 and whether or not a district court complied with the mandates of Fed. R. Crim. P. 32 in conducting a sentencing hearing are questions of law, and our review is plenary. See, e.g., United States v. Ebel, 299 F.3d 187, 191 (3d Cir. 2002); United States v. Bertoli, 40 F.3d 1384, 1397 (3d Cir. 1994); United States v. Bentz, 21 F.3d 37, 38 (3d Cir. 1994). Having thoroughly reviewed the record in this case, we conclude that there exist no nonfrivolous issues and that the requirements set forth in Rules 11 and 32 were satisfied during the entry of defendant's plea and her sentencing, respectively.

Specifically, the record reflects that defendant's plea was knowing and voluntary, and that at all times she understood what was taking place. Defendant was sworn and advised of her rights, the possible ramifications of her plea, and the range of options available to her. She evinced no evasion or lack of comprehension when she admitted to willfully submitting a fraudulent form to the Office of Worker Compensation Programs, furnishing the factual basis for her plea. The District Court ascertained that the plea was not the product of any improper coercion. The Court ascertained as well that defendant

3

had reviewed the Rule 11 form, that she understood it, and that she had filled it out accurately.

At the sentencing hearing, there were similarly no infirmities that would afford a basis for a nonfrivolous appeal. Defendant and her counsel had the opportunity to go over and discuss the Presentence Report, and did so. They also had the opportunity to comment on and object to the Presentence Report, and declined to do so. The Court concluded that the applicable guideline range was zero to six months, and that a fine and the interest requirement on the amount of restitution would be waived. Defendant's sentence fell far below the statutory maximum term of imprisonment of five years, see 18 U.S.C. § 1920, and well within the parameters of 18 U.S.C. § 3561(c)(1) and U.S.S.G. § 5B1.2(a)(1).

Defendant attempts to set forth an ineffective assistance of counsel claim by stating, among other things, that she did "not do any self employment work," and that her counsel "had medical information pertinent to this case that she did not present [which] would give clear evidence to show her innocence." (Informal Brief at 4-5). This Court will not generally consider a defendant's claim of ineffective assistance of counsel on direct appeal. See, e.g., United States v. Cianci, 154 F.3d 106, 113 (3d Cir. 1998); United States v. Gaydos, 108 F.3d 505, 512, n. 5 (3d Cir. 1997); United States v. Cocivera, 104 F.3d 566, 570 (3d Cir. 1996) (noting that collateral, rather than direct, attack provides the opportunity to develop a factual basis for the claim; gives the attorney a chance to explain

4

the challenged conduct; and averts a situation where the attorney represents the defendant on appeal and is placed in the unenviable position of arguing his or her own ineffectiveness). A narrow exception to this general rule exists however, where "albeit rare[ly,] we may have a sufficient record on appeal to decide the issue and avoid the considerable effort of requiring the defendant to institute a collateral proceeding in order to raise the ineffective assistance of counsel claim." Cocivera, 104 F.3d at 570 -571. In light of the dearth of evidence pertinent to the ineffective assistance claim, however, this case clearly does not come within this narrow exception.

Having found that no nonfrivolous issues have been identified or presented for appeal, we will grant defense counsel's request to withdraw and will AFFIRM the judgment of the District Court.


TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

/s/ Maryanne Trump Barry
Circuit Judge

5