

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-14-2005

# In Re: Miners

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3849

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"In Re: Miners " (2005). *2005 Decisions.* Paper 844.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/844

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 04-3849

———

IN RE: MINERS FUEL COMPANY, INC.
and IN RE: MINERS OIL COMPANY
and IN RE: MINERS ENVIRONMENTAL, INC.,
Debtors

WILLIAM G. SCHWAB,
Appellant

v.

MICHAEL FIORILLO, ESQ.,

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 03-cv-01836)
District Judge: Honorable Thomas I. Vanaskie

———

Submitted Under Third Circuit LAR 34.1(a)
July 11, 2005

Before: SLOVITER, McKEE, Circuit Judges, and FULLAM, District Judge*

(Filed: July 14, 2005  )

———

OPINION

———

_____

* Hon. John P. Fullam, Senior Judge, United States District Court for the Eastern
District of Pennsylvania, sitting by designation.

SLOVITER, <u>Circuit Judge</u>.

Before us is an appeal by William G. Schwab, Trustee for Miners Fuel Company, Inc., from the District Court's order affirming the order of the Bankruptcy Court granting the motion of Michael Fiorillo to withdraw as counsel to Debtor, Miners Fuel Company, Inc. and its related corporations, Miners Oil Company and Miners Environmental, Inc. (collectively the "Miners Fuel Companies"). Those companies were the subject of an involuntary bankruptcy proceeding under Chapter 7.

At the request of the Miners Fuel Companies, Fiorillo, who had an interest in a company that rented office space and equipment from Miners Fuel Company, agreed to represent them at the June 26, 2003 involuntary emergency bankruptcy hearing. Prior to the hearing, Fiorillo had advised Miners Fuel Companies that because of this potential conflict of interest they would have to find substitute counsel immediately after the emergency proceedings. At the hearing, Fiorillo, as requested by the Miners Fuel Companies, moved that the proceedings be converted to Chapter 11. Before substitute counsel was appointed, all of the officers and directors of the Miners Fuel Companies resigned, leaving Fiorillo unable to communicate with the companies.

Fiorillo then filed a Motion to Withdraw as counsel, which the Bankruptcy Court granted. On appeal, the District Court affirmed, noting that "Fiorillo informed the Debtors that he was only representing their interest on an emergency basis," that "[t]he resignation of the officers and directors afforded Atty. Fiorillo ample justification to

withdraw as counsel," and that "[t]he Trustee has not shown substantial prejudice by allowing Atty. Fiorillo to withdraw." App. at 7. Finally, because "Fiorillo's representation of the Debtors would have been meaningless because its officers and directors had resigned," the Court concluded that "[a]llowing Attorney Fiorillo to withdraw would not adversely affect the efficient administration of justice." App. at 8.

The Appellant, Trustee Schwab, is concerned that if Fiorillo is allowed to withdraw, the bankruptcy case will be dismissed because corporations must be represented by counsel in all trial proceedings. See, e.g., Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993) ("a corporation may appear in the federal courts only through licensed counsel"); United States v. Cocivera, 104 F.3d 566 (3d Cir. 1996); WRS, Inc. v. Plaza Entm't, Inc., 402 F.3d 424, 426 (3d Cir. 2005)

The situation is unusual. The corporations will be unrepresented not because of Fiorillo's actions, but because the resignation of the directors and officers leaves Fiorillo nothing to represent. Moreover, Fiorillo alleges a potential conflict of interest, as his payment of rent to the Debtors may be at issue.

We will affirm. Withdrawal of Fiorillo will not prejudice any party. The District Court concluded, in agreement with the Bankruptcy Judge, that the former officers could be subpoenaed at the request of the Trustee under Federal Rule of Bankruptcy Procedure 2004(c) in order to produce business records and other relevant information. The Trustee can testify for the Debtors at any proceedings governed by 11 U.S.C. § 341. Notice can

3

be properly served on the corporations through the secretary of state. Thus, none of the parties will be without representation and the administrative process will not be unduly burdened by Fiorillo's resignation.

The order of the District Court will be affirmed for the reasons set forth by the District Court and the Bankruptcy Court.