**OPTA SYSTEMS, LLC, Plaintiff,**

v.

**DAEWOO ELECTRONICS AMERICA, et al., Defendants.**

**Civil Action No. 05–5387 (JAP).**

United States District Court,
D. New Jersey.

April 4, 2007.

Charles N. Panzer, Deborah A. Reperowitz, Reed Smith Shaw & McClay LLP, Newark, NJ, for Plaintiff.

Lanny Steven Kurzweil, David C. Apy, Timothy L. Borkowski, McCarter & English, Newark, NJ, for Defendants.

### ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

PISANOM, District Judge.

This matter having come before the Court on the Report and Recommendation of United States Magistrate Judge Tonianne J. Bongiovanni, filed on March 20, 2007; and the Court having received no objections; and the Court having reviewed the Report and Recommendation and other documents on file in this matter and for good cause having been shown, **IT IS**

**ON** this 4th day of April, 2007,

**ORDERED** that the Report and Recommendation of Magistrate Judge Bongiovanni filed on March 20, 2007, recommending that Plaintiff's complaint be dismissed with prejudice and that Default Judgment be entered in favor of

Defendants on their counterclaim is hereby **ADOPTED** as the findings of fact and conclusions of law of this Court; and

**FURTHER ORDERED** that Plaintiff, Opta System, LLC's complaint is dismissed; and **FURTHER ORDERED** that Default Judgment is entered in favor of Defendants on their counterclaim against Plaintiff; and

**FURTHER ORDERED** that this case is closed.

**SO ORDERED.**

## REPORT AND RECOMMENDATION

BONGIOVANNI, United States Magistrate Judge.

Presently before the Court is an Order to Show Cause why Plaintiff's, Opta Systems, LLC's ("Plaintiff"), Complaint should not be dismissed for failure to retain counsel and failure to prosecute, and a Motion to Enter Default Judgment against Plaintiff on Defendants', Daewoo Electronics Corporation and Daewoo Electronics America, Inc.'s ("Defendants"), counterclaim. This matter has been referred to this Court by the Honorable Joel A. Pisano, U.S.D.J., for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1). The Court has heard this matter on the papers, pursuant to Fed.R.Civ.P. 78, and after considering the procedural history, Defendants' moving papers and the lack of any communication from Plaintiff, the Court will recommend that Plaintiff's Complaint be DISMISSED WITH PREJUDICE, default judgment be entered in favor of Defendants on their counterclaim, and this matter be closed.

## I. Background

On November 14, 2005, Plaintiff, through counsel, filed the instant suit alleging breach of contract, breach of express and implied warranties, breach of the duty of good faith and fair dealing, negligence, fraud, tortious interference, unjust enrichment, and alter ego liability arising from a series of purchase order contracts and related agreements. [Docket Entry No. 1]. Defendants filed an Answer and Counterclaims on January 27, 2006. [Docket Entry No. 9]. On February 16, 2006, Plaintiff filed an Answer to the Counterclaims. [Docket Entry No. 10]. A scheduling conference was held with the Honorable Madeline C. Arleo, U.S.M.J., on May 22, 2006, and a Scheduling Order was entered on May 25, 2006. [Docket Entry No. 18]. A revised scheduling order was entered on June 29, 2006, extending fact discovery until December 15, 2006. [Docket Entry No. 19]. On August 8, 2006, this matter was reallocated to the Trenton vicinage. [Docket Entry No. 20]. On October 6, 2006, this Court held a conference call with counsel for Plaintiff and Defendants to discuss the status of the case. On October, 27, 2006, Plaintiff's counsel filed a Motion to Withdraw asserting that Plaintiff "advised [counsel] that it wished [counsel] to immediately terminate its representation of [Plaintiff], and that [Plaintiff] no longer was able to pay [counsel] for services [counsel] provided on [Plaintiff's] behalf." [Docket Entry No. 23–2 at 2]. Counsel served a copy of the motion papers on Plaintiff. Plaintiff did not file any position papers regarding its counsel's withdrawal. On November 29, 2006, the Court granted counsel's motion and ordered that Plaintiff retain new counsel by December 29, 2006, or risk the imposition of sanctions. [Docket Entry No. 24]. This order was sent to Plaintiff by the Clerk of the Court via certified mail. [Docket Entry Nos. 25 and 27].

Plaintiff failed to retain new counsel as ordered, so on January 3, 2007, the Court issued an Order to Show Cause why this action should not be dismissed. The Order to Show Cause mandated that Plaintiff submit a position paper by January 24,

2007 and appear before the Court on February 7, 2007 at 3:30 P.M. Defendants filed a Motion for Default Judgment on January 17, 2007. [Docket Entry No. 28]. Plaintiff failed to submit a position paper as required by the Court's January 5, 2007 Order to Show Cause. Plaintiff also failed to appear before the Court on February 9, 2007 and respond to Defendants' motion for default judgment. The Court notes that Plaintiff has not communicated with the Court or Defendants since the withdrawal of its counsel.

## Discussion

### A. Failure to Prosecute

#### 1. Standard of Review

 Dismissal of an action is a matter entrusted to the discretion of the trial court. *Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co.*, 843 F.2d 683, 691 (3d Cir.1988). Although dismissal is an extreme sanction to be used in limited circumstances, *United States of America v. $8,221,877.16 in United States Currency*, 330 F.3d 141, 161 (3d Cir.2003), dismissal is appropriate if a party fails to prosecute the action. Fed.R.Civ.P. 41(b); *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir.1995). Failure to prosecute does not require that the party take affirmative steps to delay the case. A failure to comply with court orders, failure to respond to discovery or other failure to act is sufficient to constitute lack of prosecution. *Adams v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 875 (3d Cir.1994); *National Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 640–641, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976).

 In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir.1984), the Third Circuit instructed that when determining whether dismissal is appropriate, a court must weigh (1) the extent of the party's responsibility (2) the prejudice to the adversary caused by the party's actions or inaction (3) a history of dilatoriness (4) whether the conduct of the party was willful or in bad faith (5) the effectiveness of sanctions other than dismissal and (6) the meritoriousness of the claim or defense. *Id.; Adams*, 29 F.3d at 873. Although courts are required to balance each of these six factors, *United States of America v. $8,221,877.16 in United States Currency*, 330 F.3d at 162, not all of the factors must point toward default in order to render it the appropriate sanction. *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 919 (3d Cir.1992); *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir.2003). The decision to dismiss an action is made in the context of the Court's ongoing contact with the litigant. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

#### 2. Application of the Poulis Factors

 The Court is persuaded that Plaintiff's conduct satisfies the *Poulis* factors and that this matter should be dismissed. The first *Poulis* factor requires the Court to consider the extent of a party's responsibility. Plaintiff is a Delaware Corporation and instituted this suit through counsel. *See* Docket Entry No. 1. When Plaintiff's counsel sought to withdraw as counsel on the basis that Plaintiff no longer wished to have counsel represent it in this matter, Plaintiff was notified of this motion and afforded an opportunity to respond. *See* Docket Entry No. 23. No response or objection was submitted by the Plaintiff. Counsel's request was therefore granted. *See* Docket Entry No. 24. Plaintiff was advised of the Court's decision; afforded an opportunity to retain new counsel; and failed to do so. Plaintiff is clearly responsible for its recent conduct in this matter and cannot claim that the failure to prosecute resulted from the actions of its attorney. *See*

*Hoxworth,* 980 F.2d at 920 (noting a litigant's personal responsibility under the first prong of *Poulis* when acting *pro se* ); *See also Emerson v. Thiel Coll.,* 296 F.3d 184, 190 (3d Cir.2002) (finding that *pro se* litigants cannot blame a failure to prosecute on the actions of counsel). Further, Defendants have fully participated in this matter, and Plaintiff cannot claim that any failure to prosecute this action has resulted from Defendants' actions. Thus, the first factor weighs in favor of dismissal.

The next factor evaluates whether there is prejudice to the adversary caused by the party's actions or inaction. *Poulis,* 747 F.2d at 868. The Court finds that Defendants have been prejudiced by Plaintiff's inaction. Plaintiff requested that its counsel withdraw and then failed to continue to prosecute this action. Plaintiff has failed to communicate with either the Court or Defendants since withdrawal of its counsel and has failed to retain new counsel as ordered by the Court. These actions have caused more than delay in the disposition of this matter, as this case has been at a virtual stand still for over four months which has prejudiced Defendants. *Curtis T. Bedwell and Sons, Inc.,* 843 F.2d at 693. (a showing of irremediable harm is not necessary in order to demonstrate prejudice). The prejudice to the Defendants favors dismissal under *Poulis.*

Poulis also requires the Court to assess whether there was a history of dilatoriness and whether Plaintiff's conduct was willful or in bad faith. The Court considers a party's conduct over the course of the entire case in assessing dilatoriness. *Adams,* 29 F.3d at 875. Failure to respond to the Court's Orders demonstrates Plaintiff's pattern of dilatory conduct. *Id.* at 874; *Hoxworth,* 980 F.2d at 921. The Court also concludes that Plaintiff's conduct was willful and did not result from simple neglect. Plaintiff was served by certified mail with copies of the Court's

Orders, and was notified that corporations are not permitted to proceed *pro se,* and new counsel must be retained. *See* Docket Entry No. 27. The copy of the Order to Show Cause was returned to the Court as "unclaimed." *See* Docket Entry No. 33. L.Civ.R. 10.1(a) mandates that parties are to notify the Clerk of the Court of any address changes within five days of any such change. Plaintiff's failure in this regard is another indication of willfulness. *See Emerson,* 296 F.3d at 191 (" . . . failing to comply with the court's orders and in dragging the case out was willful and not merely the result of negligence or inadvertence"). Therefore, the third factor of *Poulis* also weighs in favor of dismissing Plaintiff's Complaint.

The Court notes in assessing the possibility of alternative sanctions under *Poulis* that Plaintiff was given ample opportunity to retain new counsel, however, Plaintiff failed to do so. The Court further notes that Plaintiff failed to reply to the Court's Order to Show Cause. Therefore, the Court concludes that lesser measures, such as monetary sanctions or allowing Plaintiff further opportunities to retain counsel would be ineffective. *Curtis T. Bedwell & Sons, Inc.,* 843 F.2d at 695 (indicating the appropriateness of default, as prior efforts to impose lesser penalties did not deter future abuses); *Hoxworth,* 980 F.2d at 922 (noting that merely because it is theoretically possible to impose lesser sanctions does not mean that default is inappropriate).

The Court assumes in evaluating the sixth *Poulis* factor that Plaintiff's claim has merit. The standard for assessment of meritoriousness under *Poulis* is less stringent than that of summary judgment. *Poulis,* 747 F.2d at 896–870; *Accord Adams,* 29 F.3d at 876. Nonetheless, the inclusion of this factor is largely neutral and does not change the Court's conclusion

that the balance of the *Poulis* factors supports dismissal of this action. *See Curtis T. Bedwell & Sons, Inc.,* 843 F.2d at 696 (holding that one factor is not controlling in the *Poulis* analysis). Therefore, after reviewing the factors outlined in *Poulis,* the Court recommends that this matter be DISMISSED WITH PREJUDICE for failure to prosecute.

### B. Failure to Retain Counsel

 It is well established that corporate entities may not proceed in a civil action in the Federal Courts without counsel. *Rowland v. California Men's Colony,* 506 U.S. 194, 202–203, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993); *See generally U.S. v. Cocivera,* 104 F.3d 566, 572 (3d Cir.1996). Plaintiff has been on notice since October 2006, when its former counsel moved to withdraw at its request, that it would need to retain new counsel. Additionally, Plaintiff was Ordered by the Court on November 28, 2006, to retain new counsel. Despite numerous Orders from the Court over four months, Plaintiff failed to retain counsel, or advise the Court of its intent to do so. Plaintiff has failed to communicate with this Court in any manner. This Court shall therefore also recommend that this matter be DISMISSED WITH PREJUDICE for failure to retain counsel and prosecute this case.

### C. Defendants' Motion for Default Judgment

 Federal Rule of Civil Procedure 55(a) provides that default judgment may be entered against a party that has "failed to plead or otherwise defend." Fed. R.Civ.P. 55(a). Rule 55(b) allows the Court to enter a judgment by default upon application of a party. Fed.R.Civ.P. 55(b). The Third Circuit has held that the "or otherwise defend clause is broader than the mere failure to plead." *Hoxworth,* 980 F.2d at 917. The *Hoxworth* Court also suggested that default judgment can be

imposed for failure to comply with a court's orders to retain substitute counsel, file a pretrial memorandum or respond to discovery requests. *Id.* at 918. Courts have also entered a default judgment against a party who has failed to appear at a conference subsequent to filing an answer. See *e.g. Chanel, Inc. v. Craddock,* 2006 WL 469952 (D.N.J.2006).

 When considering whether the imposition of a default judgment is appropriate, a court must consider the factors outlined in *Poulis. Hoxworth,* 980 F.2d at 919 (citing *Poulis,* 747 F.2d at 868). As previously noted, it is not necessary that all of the factors point toward a default before that sanction will be upheld. *Id.* at 919 (citing *Mindek,* 964 F.2d at 1373). As addressed above, the *Poulis* factors weigh heavily against Plaintiff. Plaintiff bears responsibility for failing to defend against Defendants' counterclaims. Defendants have been prejudiced by Plaintiff's failure to defend. Plaintiff has exhibited a history of willful dilatory behavior in this matter, and there is no effective alternative sanctions available other than the entry of a default judgment. Thus, the Court finds the first five *Poulis* factors weigh in favor of Defendants.

 In considering whether a claim or defense is meritorious the summary judgment standard is not used. *Poulis,* 747 F.2d at 869–70. Instead, a "claim or defense will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by [the litigant]" *Id.* Defendants have alleged counterclaims including a balance owed on an account stated, breach of a compromise agreement, unjust enrichment, breach of contract as to purchase orders, breach of the "2005 Roadmap" Project agreement and fraud in the inducement. *See* Docket Entry No. 9–1. The Court has reviewed Defendants' Counterclaims and has deter-

mined that, if established at trial, they would support recovery by Defendants. Thus, the Court finds that Defendants' counterclaims are meritorious. *See Poulis*, 747 F.2d at 869–70. Defendants have also indicated that they are prepared to establish the amount of damages sustained at a proof hearing. The Court finds that the *Poulis* factors clearly weigh in favor of entering a judgment by default against Plaintiffs, and therefore the Court recommends that Defendants' Motion to Enter Default Judgment is GRANTED.

*Conclusion*

The Court finds that the majority of the *Poulis* factors weigh in favor of dismissing this matter and in favor of granting Defendants' Motion to Enter Default Judgment. Plaintiff bears responsibility for his lack of participation in this matter, Defendants' have suffered prejudice due to Plaintiff's willful dilatoriness, and the Court finds that alternative sanctions would be ineffective at this juncture. Moreover, Plaintiff's blatant failure to retain counsel in violation of numerous Court Orders warrants dismissal. In light of the foregoing, it is respectfully recommended that this matter be **DISMISSED WITH PREJUDICE,** and Defendants' Motion to Enter Default Judgment [Docket Entry No. 28] be **GRANTED.** Local Civil Rule 72.1(c)(2) permits objections to this Report and Recommendation within 10 days after being served with a copy thereof.