**UNITED STATES of America,**

v.

**Antoine R. SIMMONS, Sr. a/k/a James Kyles, Jr. Antoine R. Simmons, Sr., Appellant.**

**No. 03–1770.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Dec. 12, 2003.

Decided Jan. 16, 2004.

---

Bonnie R. Schlueter, Christine A. Sanner, Office of United States Attorney, Pittsburgh, PA, for Appellee.

Antoine R. Simmons #7179, Sr., Pittsburgh, PA, for Appellant.

Before AMBRO, FUENTES and GARTH, Circuit Judges.

## OPINION

AMBRO, Circuit Judge.

Antoine R. Simmons, Sr. appeals the District Court's order revoking his supervised release. At the hearing, Simmons admitted that he violated conditions of his supervised release. But he argues on appeal that the District Court erred in accepting his admissions because they were not voluntary. Simmons's counsel filed a brief in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that Simmons's appeal does not raise any nonfrivolous issues. We agree, and thus dismiss the appeal and grant counsel's motion to withdraw.

## I.

In June 1999, Simmons pled guilty to conspiracy to commit mail fraud. He was sentenced to 21 months imprisonment and a three year term of supervised release. Among the conditions of his supervised release was the refraining from violating federal, state, or local laws.

In January 2003 the United States Probation Office filed a petition seeking to revoke Simmons's supervised release. Six

weeks later, the United States District Court for the Western District of Pennsylvania held a hearing on the petition. At the hearing, Simmons admitted that he had been engaged in various conduct in violation of his supervised release conditions. Specifically, he admitted that he (1) issued a bad check in the amount of $138.88, (2) attempted to issue a bad check in the amount of $995.95, (3) had regularly associated with convicted felons but denied such contacts in his reports to the probation office, and (4) refused to pay his monthly restitution as directed by the probation officer. In exchange for these admissions, the Government agreed to recommend that the Court sentence Simmons to a 14 month term of imprisonment, with no supervised release to follow. Following suit, the District Court revoked Simmons's supervised release and sentenced him to 14 months imprisonment to be served consecutively to the previously imposed state court sentence, with no term of supervised release to follow.

The next day Simmons wrote to the District Judge a letter stating his desire to appeal and requesting a new counsel. The District Court appointed Marvin Miller to represent him on appeal. On appeal, Mr. Miller filed a brief with this Court stating that he believed that there are no nonfrivolous arguments for appeal.[1] Simmons has submitted a *pro se* brief.

## II.

In *Anders,* the Supreme Court suggested that, "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. "That request must, however, be accompanied by a brief

referring to anything in the record that might arguably support the appeal." *Id.*

Pursuant to *Anders,* Third Circuit Local Appellate Rule 109.2(a) provides:

Where, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), which shall be served upon the appellant and the United States. The United States shall file a brief in response. Appellant may also file a brief in response pro se. After all briefs have been filed, the clerk will refer the case to a merits panel. If the panel agrees that the appeal is without merit, it will grant trial counsel's *Anders* motion, and dispose of the appeal without appointing new counsel. If the panel finds arguable merit to the appeal, it will discharge current counsel, appoint substitute counsel, restore the case to the calendar, and order supplemental briefing.

Thus, our inquiry is two fold: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla,* 241 F.3d 296, 300 (3d Cir.2001).

Mr. Miller has met the first requirement. He noted that he spoke with Simmons and his former counsel, and examined the trial record. In his *Anders* brief, Mr. Miller identifies two possible issues that might arguably support an appeal: non-voluntariness of Simmons's admissions and ineffective assistance of counsel. His brief amply examines evidence in the record, discusses relevant case law, and specifically sets out the reasons why the issues lack merit.

---

1. We have jurisdiction pursuant to 28 U.S.C. § 1291.

In his *pro se* brief, Simmons asserts that his admission was involuntary because his attorney promised him no jail time, and claims that he is a victim of a racist court system. Although Simmons's counsel did not mention the racist justice system issue raised by Simmons, "counsel need not, in an *Anders* brief, raise and reject every possible complaint." *United States v. Marvin,* 211 F.3d 778, 780 (3d Cir.2000) (citing *United States v. Tabb,* 125 F.3d 583, 585 (7th Cir.1997)). Indeed, we find nothing in the record that supports possible racist bias. In this context, Mr. Miller's *Anders* brief provided us with "sufficient indicia that he throughly searched the record and the law in service of his client." *Marvin* at 781.

■ Looking at the issues raised by Simmons's counsel, we are convinced that they lack merit. First, the argument that Simmons's admission was involuntary is frivolous. Simmons claims that he was actually innocent but admitted violating supervised release conditions only because his attorney promised him no jail time. He contends that he was completely unaware of the agreement reached by his attorney on his behalf with the Government.

However, the record shows that Simmons's counsel stated, during the hearing in Simmons's presence, that he had discussed the agreement with Simmons. Morever, counsel recited the contents of the agreement in open court: that Simmons would admit his violation and the Government, in return, would recommend to the Court 14 months imprisonment with no accompanying supervised release. Following this testimony, Simmons admitted to each violation without objection when questioned by the District Judge. Simmons also did not contest counsel's testimony about the agreement with the Government. Because Simmons's argument

was not raised before the District Court, we may reverse its order only if we find that "(1) an error was committed; (2) the error was plain, that is, 'clear' and 'obvious;' and (3) the error 'affected [the defendant's] substantial rights.'" *United States v. Syme,* 276 F.3d 131, 143 n. 4 (3d Cir. 2002) (citations omitted). Even where plain error exists, we correct it "only if the error 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Stevens,* 223 F.3d 239, 243 (3d Cir.2000) (quoting *United State v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). The record reveals nothing to support Simmons's contention that he did not know the consequences of his admissions. Thus we conclude that it was not plain error for the District Court to admit his testimony as voluntary.

■ Next, we find a claim of ineffective assistance of counsel to be frivolous. In general, ineffective assistance of counsel claims are "not entertained on direct appeal." *United States v. Haywood,* 155 F.3d 674, 678 (3d Cir.1998). Except where the ineffectiveness of counsel is clear on the record, we require the defendant to pursue such a claim through collateral attack, for example, by filing a petition for a writ of habeas corpus. *United States v. Cocivera,* 104 F.3d 566, 570–71 (3d Cir. 1996). In this case, Simmons alleges that his counsel failed to explain adequately the consequences of admitting to violating conditions of supervised release. Nothing in the record establishes that Simmons's counsel gave or did not give any assurances as to what Simmons could expect his sentence to be. Thus, we do not have a sufficient record to decide whether Simmons's prior counsel was ineffective. Accordingly, any claim in this regard must be pursued through a collateral proceeding.

\*    \*    \*    \*    \*    \*

■ We grant counsel's motion to withdraw and affirm the District Court's order revoking Simmons's supervised release and sentencing him to additional imprisonment.