

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-16-2005

# USA v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1657

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Smith" (2005). *2005 Decisions.* Paper 1004.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1004

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 04-1657

———————————

UNITED STATES OF AMERICA

v.

JAMES SMITH,

Appellant

———————————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 03-cr-00178)
District Judge: Honorable Bruce W. Kauffman

———————————

Submitted Under Third Circuit LAR 34.1(a)
December 14, 2004

Before: AMBRO, VAN ANTWERPEN and STAPLETON, Circuit Judges

(Opinion filed June 16, 2005)

———————————

OPINION

———————————

AMBRO, Circuit Judge

On January 2, 2003, James Smith was arrested under an outstanding bench warrant and

searched incident to that arrest. Because the search turned up a concealed, loaded handgun and Smith had been theretofore convicted of felony crimes, he was subsequently charged with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

Smith moved to suppress the gun evidence. The District Court held a factual hearing on the motion and denied it. Later that day, Smith entered a conditional guilty plea, thus preserving his right to appeal the denial of his suppression motion. He was sentenced to 120 months imprisonment, three years of supervised release and a $100 special assessment. Smith appealed, challenging the District Court's denial of his motion to suppress the gun evidence.

Smith's appointed counsel on appeal, Wentworth D. Vedder, filed an Anders motion to withdraw as counsel, asserting that all potential grounds for appeal are frivolous. We consider that motion here and, for the reasons set forth below, grant it and affirm the District Court's denial of Smith's suppression motion.

I.

Under Anders v. California, 386 U.S. 738 (1967), if counsel "finds [a] case to be wholly frivolous, after a conscientious examination" of the potential grounds for appeal, s/he should "advise the Court and request permission to withdraw." Id. at 744. This request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal," id., "explain[ing] to the court why the issues are frivolous,"

2

United States v. Marvin, 211 F.3d 778, 781 (3d Cir. 2000), and demonstrating that s/he has "thoroughly scoured the record in search of appealable issues," id. at 780. A copy of counsel's brief must be furnished to the appellant, who must be given time to raise non-frivolous arguments in a *pro se* brief. Anders, 386 U.S. at 744; Third Circuit LAR 109.2(a) (2000).

We "confine our scrutiny to those portions of the record identified by an adequate Anders brief . . . [and] those issues raised in Appellant's *pro se* brief." United States v. Youla, 241 F.3d 296, 301 (3d Cir. 2001). We do not "comb the record . . . for possible non-frivolous issues that both the lawyer and his client may have overlooked," as "[our] duty is merely to determine whether counsel is correct in believing those grounds [raised are] frivolous." United States v. Wagner, 103 F.3d 551, 552-53 (7th Cir. 1996). We grant counsel's Anders motion to withdraw if we believe "that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim," McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988), and if we conclude "that the appeal lacks any basis in law or fact," id. at 438 n.10.

II.

As we write solely for the parties, we need not detail the facts of this case. Because Smith did not file a *pro se* brief identifying potential non-frivolous issues and the Government, in its brief, has not identified any additional issues, we confine our review to the single issue identified in Mr. Vedder's brief: was the frisk that yielded the handgun

an illegal search under the Fourth Amendment?[1]  Broken down for purposes of

discussion: i) did Coatesville police officers Knapp and Audette have reasonable

suspicion to justify their initial stop and detention of Smith, and ii) did Corporal Cooper

have probable cause to arrest Smith when he later arrived at the scene?  The answer is yes

to each.

### A.  District Court Opinion.

The District Court credited the Government's version of the facts giving rise to the

search over Smith's version.  "After hearing the testimony and observing the witnesses

. . . the officers' version of events [is] more credible . . . [and] is significantly more

detailed, explaining the logical sequence of events, observations, and conclusions."

United States v. Smith, No. CRIM 03–178, 2003 WL 22797387, *2 (E.D. Pa. Nov. 12,

2003).

The Court concluded that reasonable suspicion of truancy and drug activity

---

[1] Mr. Vedder also makes a passing reference to a potential claim that he was ineffective as trial counsel for failing to impeach the testifying police officers more effectively and/or failing to call other witnesses.  We need not address this issue, however, because as a general matter ineffective assistance of counsel claims are "not entertained on direct appeal."  United States v. Haywood, 155 F.3d 674, 678 (3d Cir. 1998).  Except where the ineffectiveness of counsel is clear on the record (certainly not the case here), we require the defendant to pursue such a claim through collateral attack, for example, by filing a petition for a writ of *habeas corpus*.  United States v. Cocivera, 104 F.3d 566, 570-71 (3d Cir. 1996).  In this context, we are satisfied that Mr. Vedder has fulfilled his requirements under Anders.

justified the officers' stop of Smith.[2] Id. at *3-4. Officer Cooper, who recognized Smith and knew he was the subject of an outstanding bench warrant, had probable cause to arrest Smith, and thus Cooper's frisk of Smith was a search incident to a lawful arrest. Id. at *4.

## B. Analysis.

The facts leading up to the stop, as described by the officers and credited by the District Court, disclose ample reasonable suspicion to justify that stop. The officers had "reasonable, articulable suspicion that criminal activity [was] afoot," Illinois v. Wardlow, 528 U.S. 119, 123 (2000)—namely, that Smith and his cohorts were truants and/or engaged in illegal drug activity. This suspicion was based on the officers' experience, their direct, lengthy observation of the suspects, and their knowledge of the area and the heightened truancy and drug activity present. Similarly, given the facts as credited by the District Court, there can be no question that Cooper had probable cause to arrest Smith and his search of Smith was incident to that arrest.

The arguments Smith could present on appeal, then, must challenge either the District Court's factual findings or the credibility determinations upon which he based those findings. On the basis of the record before us, any such argument would be

---

[2] Judge Kauffman also concluded that Smith "was not seized until Corporal Cooper arrived and placed him under arrest." Smith, 2003 WL at *3. Because we conclude that any argument that no reasonable suspicion was present would be frivolous, we need not inquire whether the brief encounter between Smith and officers Knapp and Audette amounted to a seizure for Fourth Amendment purposes.

frivolous.  No basis exists to disturb the District Court's detailed credibility determinations and factual findings.

We thus affirm the District Court's denial of Smith's suppression motion and grant counsel's motion to withdraw.

_____