Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/04/2017 09:08 AM CDT

State of Nebraska, appellee, v.
Bashir V. Loding, appellant.
___ N.W.2d ___

Filed May 12, 2017.    No. S-16-614.

1. **Effectiveness of Counsel: Appeal and Error.** Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law.
2. ____: ____. In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only questions of law: Are the undisputed facts contained within the record sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance?
3. **Evidence: Appeal and Error.** In reviewing a sufficiency of the evidence claim, whether the evidence is direct, circumstantial, or a combination thereof, the standard is the same: An appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact.
4. **Sentences: Appeal and Error.** An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.
5. **Judgments: Appeal and Error.** An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.
6. **Effectiveness of Counsel: Appeal and Error.** When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. Otherwise, the issue will be procedurally barred.
7. **Effectiveness of Counsel: Postconviction: Records: Appeal and Error.** An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough

particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief will recognize whether the claim was brought before the appellate court.

8. **Effectiveness of Counsel: Records: Appeal and Error.** The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. The determining factor is whether the record is sufficient to adequately review the question.

9. **Postconviction: Effectiveness of Counsel: Proof: Appeal and Error.** To establish a right to postconviction relief because of counsel's ineffective assistance, the defendant has the burden, in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. A court may address the two prongs of this test, deficient performance and prejudice, in either order.

10. **Statutes: Rules of the Supreme Court.** Just as statutes relating to the same subject are in pari materia and should be construed together, Nebraska Supreme Court rules should be read and construed together.

11. **Attorneys at Law.** A passing score on the Multistate Professional Responsibility Examination is a substantive requirement for admittance to the Nebraska bar.

12. **Attorneys at Law: Disciplinary Proceedings.** Violations of the standards and rules of professional conduct can subject an attorney to disciplinary proceedings.

13. **Attorneys at Law: Effectiveness of Counsel.** An applicant for admittance to the Nebraska bar who has demonstrated that he or she lacks the required knowledge of his or her ethical obligations is incompetent to act as counsel.

14. **Attorneys at Law: Words and Phrases.** A nonlawyer is any person not duly licensed or otherwise authorized to practice law in the State of Nebraska.

15. **Attorneys at Law: Rules of the Supreme Court.** The Nebraska Supreme Court rules do not allow a nonlawyer to engage in the practice of law.

16. **Attorneys at Law: Disciplinary Proceedings.** Because the Nebraska Supreme Court regards the unauthorized practice of law as a serious offense, any unauthorized practice is a nullity.

17. **Constitutional Law: Right to Counsel.** A complete denial of assistance of counsel is a per se violation of a defendant's right to counsel.

18. **Trial: Attorneys at Law: Effectiveness of Counsel: Appeal and Error.**
When reviewing claims of ineffective assistance, an appellate court will
not second-guess a trial counsel's reasonable strategic decisions. An
appellate court must assess the trial counsel's performance from the
counsel's perspective when the counsel provided the assistance.

19. **Trial: Attorneys at Law.** Defense counsel are not deficient for failing to
defeat their own legitimate defense theory.

20. **Evidence: Appeal and Error.** In reviewing a sufficiency of the evidence claim, an appellate court does not pass on the credibility of witnesses. The relevant question for an appellate court is whether, after
viewing the evidence in the light most favorable to the prosecution, any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.

21. **Indictments and Informations: Evidence: Time.** The State can present evidence of several violations within a specific timeframe to secure
one conviction.

22. **Sentences: Appeal and Error.** In reviewing a sentence imposed within
the statutory limits, an appellate court considers whether the sentencing court abused its discretion in considering and applying the relevant
factors as well as any applicable legal principles in determining the
sentence to be imposed.

23. **Sentences.** When imposing a sentence, the sentencing court is to consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or
record of law-abiding conduct, and (6) motivation for the offense, as
well as (7) the nature of the offense and (8) the amount of violence
involved in the commission of the crime.

24. ____. Traditionally, a sentencing court is accorded very wide discretion
in determining an appropriate sentence.

Appeal from the District Court for Douglas County: Gregory
M. Schatz, Judge. Affirmed.

Thomas C. Riley, Douglas County Public Defender, W.
Patrick Dunn, and Andrew J.K. Johnson for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss
for appellee.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy,
and Funke, JJ.

Per Curiam.

# I. INTRODUCTION

In this direct appeal, Bashir V. Loding challenges his conviction for first degree sexual assault of a child. He alleges that he received ineffective assistance of counsel, that there was insufficient evidence to support his conviction, and that he received an excessive sentence. He presents one issue of first impression: whether representation by a former senior certified law student, who was not yet an admitted member of the Nebraska bar, although accompanied by an admitted lawyer, constitutes per se ineffective assistance of counsel. We conclude that it does not. The record is insufficient to address two claims of ineffective assistance. Because we find no merit in Loding's other claims, we affirm the judgment of the district court.

# II. BACKGROUND

Loding was charged with first degree sexual assault of a child. The information filed alleged that on or about May 1 through September 17, 2015, Loding, a man at least 19 years old or older, subjected A.B., a child less than 12 years old, to sexual penetration.

## 1. Evidence at Trial

Trial was held in April 2016, at which A.B. testified that she was born in 2006 and lived in Douglas County, Nebraska. She testified that Loding was her mother's friend and that he was 43 years old. She testified that Loding would visit her home and that beginning in May 2015, he penetrated her anus with his penis on multiple occasions. He also penetrated her anus and vagina with his fingers on multiple occasions. She was able to describe events in detail, what his penis looked like, and how after he penetrated her anus, "sometimes [her] pee would be brown." Her older sister corroborated her testimony and confirmed that Loding had access to A.B. without her mother's direct supervision.

Several expert witnesses testified as to A.B.'s initial disclosure and explained that her allegations were consistent

with her testimony and not unusual for child victims of sexual assault.

Loding did not testify in his own behalf or call any witnesses.

## 2. Conviction and Sentence

The jury convicted Loding of first degree sexual assault of a child, and the district court sentenced Loding to 35 to 50 years' imprisonment with credit for 129 days served.

Loding timely appealed, and we granted the State's petition to bypass review by the Nebraska Court of Appeals.

## III. ASSIGNMENTS OF ERROR

Loding assigns, reordered and restated, that (1) he received ineffective assistance of counsel when (a) a former senior certified law student, who was not yet an admitted member of the Nebraska bar, participated in critical stages of the proceedings, (b) he did not validly consent to representation by a certified law student, and (c) trial counsel made prejudicial remarks during opening statement and closing argument; (2) there was insufficient evidence to sustain a guilty verdict; and (3) his sentence was excessive.

## IV. STANDARD OF REVIEW

[1,2] Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law.[1] In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only questions of law: Are the undisputed facts contained within the record sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance?[2]

---

[1] *State v. Parnell*, 294 Neb. 551, 883 N.W.2d 652 (2016).

[2] *Id.*

[3] In reviewing a sufficiency of the evidence claim, whether the evidence is direct, circumstantial, or a combination thereof, the standard is the same: An appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact.[3]

[4,5] We will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.[4] An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.[5]

## V. ANALYSIS

### 1. Ineffective Assistance of Counsel

[6,7] Loding is represented on direct appeal by different counsel than the counsel who represented him at trial. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. Otherwise, the issue will be procedurally barred.[6] An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief will recognize whether the claim was brought before the appellate court.[7]

---

[3] *State v. Draper*, 295 Neb. 88, 886 N.W.2d 266 (2016).

[4] *Id.*

[5] *Id.*

[6] See *State v. Ash*, 293 Neb. 583, 878 N.W.2d 569 (2016).

[7] See *id.*

[8] The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved.[8] The determining factor is whether the record is sufficient to adequately review the question.[9]

[9] To establish a right to postconviction relief because of counsel's ineffective assistance, the defendant has the burden, in accordance with *Strickland v. Washington*,[10] to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law.[11] Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case.[12] To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different.[13] A court may address the two prongs of this test, deficient performance and prejudice, in either order.[14]

### (a) Per Se Ineffective Assistance of Counsel

Loding alleges that he received ineffective assistance of counsel because he was represented by a law school graduate who was not a certified senior law student or an admitted member of the Nebraska bar. He invites this court to find per se ineffective assistance of counsel.

This is an issue of law, and the record is sufficient to adequately review this claim. Before we do, we assess the law school graduate's senior certified status.

---

[8] *State v. Parnell, supra* note 1.

[9] *Id.*

[10] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[11] *State v. Ely*, 295 Neb. 607, 889 N.W.2d 377 (2017).

[12] *Id.*

[13] *Id.*

[14] *Id.*

### (i) Senior Certified Status

Loding was represented at trial by a licensed attorney, James Schaefer, and the attorney's son, Robert Schaefer. At one point, Robert had been certified to practice law under James' supervision pursuant to our rules authorizing limited practice of law by senior law students.[15] Believing that he was still certified to practice, Robert participated during voir dire and gave the opening statement and closing argument at Loding's trial in April 2016.

But Robert's status had changed. He graduated from law school in the spring of 2015. After graduation, he took both the Uniform Bar Examination (UBE)[16] and the Multistate Professional Responsibility Examination (MPRE).[17] He passed the UBE but failed the MPRE. And the record is clear that he was notified of this failure prior to the April 2016 trial.

The first question is how this affected his senior practice certification. The relevant senior practice rule provides that senior certification of a law student "*shall terminate* if the student does not take the first bar examination following his or her graduation, or if *the student takes such bar examination and fails it*, or if he or she is admitted to full practice before this court."[18]

Before applying this rule, however, we must determine whether the rule's use of the term "bar examination"[19] applies only to the UBE or to both the UBE and the MPRE. The State suggests that it is unclear whether failure of the MPRE is a terminating event under the rule and argues that "the passing of the MPRE is a prerequisite to the ethical practice of law in this state but it has nothing to do with the legal ability of the attorney."[20] We disagree.

---

[15] See Neb. Ct. R. §§ 3-701 to 3-706 (rev. 2012).

[16] See Neb. Ct. R. § 3-101(L) (rev. 2015).

[17] § 3-101(J).

[18] § 3-705(A) (emphasis supplied).

[19] *Id*.

[20] Brief for appellee at 17.

[10] Just as statutes relating to the same subject are in pari materia and should be construed together,[21] our rules should be read and construed together. "Examination applicants are required to pass the MPRE and are required to pass by a combined score the [component parts of the UBE]."[22] This rule makes it clear that the "bar examination" consists of both the UBE and the MPRE and that examination applicants (including Robert) are required to pass both of them. In other words, a failure of either the MPRE or the UBE, taken after graduation, is a failure of the "bar examination." Because Robert's failure to pass the MPRE, and thus, the bar examination, was known before Loding's trial, Robert's certification under the senior practice rules had terminated before the trial.

The second question is whether, as the State also argues, Robert still met the substantive requirements to provide effective assistance of counsel. In making this argument, the State analogizes the passing of the MPRE to the paying of bar dues as mere "'technical licensing requirements'" and argues that Robert was "otherwise competent and qualified to act as counsel."[23] We disagree.

[11,12] As we have already explained, a passing score on the MPRE is a substantive requirement for admittance to the Nebraska bar.[24] The MPRE measures "examinees' knowledge and understanding of established standards related to the professional conduct of lawyers."[25] These standards guide the Nebraska Rules of Professional Conduct to which all licensed attorneys within Nebraska are held accountable. Violations of

---

[21] See *Alisha C. v. Jeremy C.*, 283 Neb. 340, 808 N.W.2d 875 (2012).

[22] Neb. Ct. R. § 3-117(A) (rev. 2013).

[23] Brief for appellee at 17. See, also, *State v. Vanderpool*, 286 Neb. 111, 835 N.W.2d 52 (2013).

[24] See § 3-117(A).

[25] Nat. Conf. of Bar Examiners, Multistate Professional Responsibility Examination, http://www.ncbex.org/exams/mpre/ (last visited May 3, 2017).

these standards and rules of professional conduct can subject an attorney to disciplinary proceedings.[26]

[13] In sum, our standards and rules emphasize the importance of the ethical practice as indicative of an attorney's legal ability. An applicant for admittance to the Nebraska bar who has demonstrated that he or she lacks the required knowledge of his or her ethical obligations is incompetent to act as counsel.

Having found that Robert lost his status as a senior certified law student and failed to meet the substantive requirements to be a licensed attorney at trial, we now consider the effect of his participation at trial.

### (ii) Robert's Participation at Trial

Courts in other jurisdictions have consistently found legal representation by an unlicensed individual who did not meet the substantive requirements for admittance to the bar, or was a layperson posing as an attorney, constitutes per se ineffective assistance of counsel.[27] In such circumstances, an individual is entitled to postconviction relief without proving prejudice. As one court explained, "one never admitted to practice law and therefore who never acquired the threshold qualification to represent a client in court cannot be allowed

---

[26] See Neb. Ct. R. of Prof. Cond. Scope, comment 19.

[27] See, *U.S. v. Bergman*, 599 F.3d 1142 (10th Cir. 2010), *cert. denied* 562 U.S. 887, 131 S. Ct. 219, 178 L. Ed. 2d 132; *U.S. v. Mitchell*, 216 F.3d 1126 (D.C. Cir. 2000); *U.S. v. Novak*, 903 F.2d 883 (2d Cir. 1990); *United States v. Mouzin*, 785 F.2d 682 (9th Cir. 1986), *cert. denied sub nom. Carvajal v. United States*, 479 U.S. 985, 107 S. Ct. 574, 93 L. Ed. 2d 577; *Solina v. United States*, 709 F.2d 160 (2d Cir. 1983); *McKeldin v. Rose*, 482 F. Supp. 1093 (E.D. Tenn. 1980), *reversed on other grounds* 631 F.2d 458 (6th Cir.); *Huckelbury v. State*, 337 So. 2d 400 (Fla. App. 1976); *In re Denzel W.*, 237 Ill. 2d 285, 930 N.E.2d 974, 341 Ill. Dec. 460 (2010); *Benbow v. State*, 614 So. 2d 398 (Miss. 1993); *People v Felder*, 47 N.Y.2d 287, 391 N.E.2d 1274, 418 N.Y.S.2d 295 (1979). But see *Blanton v. U.S.*, 896 F. Supp. 1451 (M.D. Tenn. 1995), *rehearing denied* 94 F.3d 227 (6th Cir. 1996).

to do so, and no matter how spectacular a performance may ensue, it will not constitute 'effective representation of counsel' for purposes of the Sixth Amendment."[28] This is consistent with our treatment of nonlawyers who engage in the practice of law.

[14-16] A nonlawyer is "any person not duly licensed or otherwise authorized to practice law in the State of Nebraska."[29] As we have demonstrated, Robert was a nonlawyer at the time of trial. Our court rules are clear and firm; they do not allow a nonlawyer to engage in the practice of law.[30] Because we regard the unauthorized practice of law as a serious offense, any unauthorized practice is a nullity.[31] Obviously, such a nullity cannot satisfy a defendant's right to effective representation of counsel.

[17] We concede that if Loding had been represented only by Robert, he would have been completely denied the right to assistance of counsel. A complete denial of assistance of counsel is a per se violation of his right to counsel.

However, other jurisdictions have declined to find per se ineffective assistance of counsel when there has been "*active* participation of a licensed attorney throughout a defendant's trial."[32] As the Eighth Circuit explained, "[i]f co-counsel provides petitioners with effective assistance at all critical stages

---

[28] *United States v. Mouzin, supra* note 27, 785 F.2d at 697.

[29] Neb Ct. R. § 3-1002(A).

[30] Neb Ct. R. § 3-1003.

[31] See *Kelly v. Saint Francis Med. Ctr.*, 295 Neb. 650, 889 N.W.2d 613 (2017).

[32] *People v. Jacobs*, 6 N.Y.3d 188, 190, 844 N.E.2d 1126, 1127, 811 N.Y.S.2d 604, 605 (2005) (emphasis supplied). See, also, *U.S. v. Novak, supra* note 27; *U.S. v. Cocivera*, 104 F.3d 566 (3d Cir. 1996); *U.S. v. Rimell*, 21 F.3d 281 (8th Cir. 1994), *cert. denied* 513 U.S. 976, 115 S. Ct. 453, 130 L. Ed. 2d 362; *The People v. Cox*, 12 Ill. 2d 265, 146 N.E.2d 19 (1957); *Riggs v. State*, 235 Ind. 499, 135 N.E.2d 247 (1956); *State v. Deruy*, 143 Kan. 590, 56 P.2d 57 (1936); *Higgins v. Parker*, 354 Mo. 888, 191 S.W.2d 668 (1945), *cert. denied* 327 U.S. 801, 66 S. Ct. 902, 90 L. Ed. 1026 (1946).

of the proceedings, [a defendant's] Sixth Amendment rights have been protected."[33] The theory is that effective assistance of licensed cocounsel would include correcting any error by the unadmitted cocounsel. And, in finding no per se violation in circumstances quite similar to those before us, the Eighth Circuit relied on its earlier decision in *U.S. v. Rosnow*.[34]

James, a qualified, licensed attorney in Nebraska, was the lead attorney for Loding's trial. It is undisputed that he was present at all times throughout the trial and for all interactions between Loding and Robert. Thus, there was no per se violation of Loding's constitutional right to counsel. We now turn to consider whether Loding is entitled to relief on his claims under *Strickland*.

### (b) Ineffective Assistance Under *Strickland*

#### (i) Lack of Written Consent

Loding alleges that he received ineffective assistance of counsel because James did not secure his written consent to be represented by Robert. While this alleges a very serious violation of our court rules,[35] there is a disciplinary process established to adjudicate rule violations.[36] But that is not the matter before us in this appeal. The question here is whether James (and Robert, under James' direction) provided ineffective assistance of counsel under *Strickland*. We conclude that the record is not adequate to address this matter on direct appeal.

#### (ii) Opening Statement and Closing Argument

Loding alleges that he received ineffective assistance of counsel during opening statement and closing argument. He

---

[33] *U.S. v. Rosnow*, 981 F.2d 970, 972 (8th Cir. 1992).

[34] See *U.S. v. Rimell, supra* note 32.

[35] See § 3-704(C).

[36] See Neb. Ct. R. §§ 3-301 to 3-328 (rev. 2016).

claims that counsel was ineffective in failing (1) to call on A.B.'s mother to testify or explain her absence after stating during opening statement she would be called upon, (2) to mention during closing argument other individuals who had sexually assaulted A.B., and (3) to give a longer closing argument or say more than that Loding was not guilty.

[18] When reviewing claims of ineffective assistance, an appellate court will not second-guess a trial counsel's reasonable strategic decisions.[37] And an appellate court must assess the trial counsel's performance from the counsel's perspective when the counsel provided the assistance.[38]

It is clear from the record that Loding's trial counsel organized his defense around the theory that A.B. did not like Loding and that she made up allegations of sexual assault. This was a legitimate strategy aimed at acquitting Loding of the charged offense. Therefore, we review Loding's claims with this defense theory in mind.

### a. Absence of A.B.'s Mother
### as Witness

As Loding conceded at oral argument, his brief misstated the record when he argued that counsel failed to explain why A.B.'s mother did not testify. The record shows that Loding's counsel explained, "We said we would call the mother . . . we said that in the beginning because we thought the state would prove its case, and it has not."

During closing argument, counsel explained multiple times that the burden of proof was on the State to prove beyond a reasonable doubt that Loding was guilty. Counsel then reviewed the evidence and explained to the jury why the State had not met its burden. Outside the presence of the jury, Loding confirmed on the record that the mother did not want to testify and that he did not want her to testify.

---

[37] *State v. Alarcon-Chavez*, 295 Neb. 1014, ___ N.W.2d ___ (2017).

[38] *Id.*

But the record does not explain why, during opening statement, counsel elected to tell the jury that A.B.'s mother would be called to testify. Although the record shows how the problem was addressed, the record does not show how it came about. Under these circumstances, we conclude that the record is not sufficient to address this matter on direct appeal.

### b. Other Alleged Assault
### Perpetrators

Loding alleges that his trial counsel was ineffective during their closing argument for failing to mention two other known individuals who had both allegedly sexually assaulted A.B. in the past. He does not explain why this should have been done, but the implication would seem to be that it could have convinced the jury someone other than Loding committed the sexual assaults charged in this case. This is in direct conflict with Loding's defense that A.B. made up the allegations of sexual assault.

[19] We conclude that defense counsel were not deficient for failing to defeat their own legitimate defense theory. As to this argument, the record affirmatively shows that Loding's counsel acted reasonably and consistently in presenting his defense and were not ineffective.

### c. Closing Argument

Loding alleges that his trial counsel was ineffective because "closing argument was too short and not much was said other than that [Loding] was not guilty."[39] This, too, is clearly refuted by the record.

During their closing argument, Loding's counsel discussed the State's burden of proof, the presumption of innocence, perceived conflicts in the State's evidence, A.B.'s lack of credibility, the defense's theory of the case, the function of the criminal justice system, the significance of the jury's

---

[39] Brief for appellant at 16.

role, the magnitude of the charge, and the standard for reasonable doubt. Because there was no deficiency in this argument, the record establishes that Loding's counsel were not ineffective.

## 2. SUFFICIENCY OF EVIDENCE

Loding alleges that there was insufficient evidence to support his conviction. He does not argue that the evidence did not establish the elements of the crime. He essentially argues that A.B., the one witness to testify to all the elements of the crime, was not a credible witness because of her youth, her prior history as a sexual assault victim, her dislike of Loding, and because she "admitted she was confused about who had touched her inappropriately at which times"[40] in regard to previous incidents of sexual assault.

[20] But, in reviewing a sufficiency of the evidence claim, we do not pass on the credibility of witnesses.[41] The relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[42]

Viewed in the light most favorable to the State, and without passing on the credibility of the witnesses, there was sufficient evidence for any rational juror to find Loding guilty beyond a reasonable doubt.

[21] Loding also alleges that there was insufficient evidence to determine which of the different circumstances of sexual assault was found to be proved by a reasonable doubt by all jurors. He argues that such a finding was necessary where he was charged with only one count of sexual assault while the State alleged several different incidents. Because we have consistently held that the State

---

[40] *Id.* at 12.

[41] See *State v. Draper, supra* note 3.

[42] See *id.*

can present evidence of several violations within a specific timeframe to secure one conviction,[43] this argument is without merit.

### 3. EXCESSIVE SENTENCE

Lastly, Loding alleges that he received an excessive sentence, because the court failed to consider all the appropriate mitigating factors in imposing the sentence. He was convicted of first degree sexual assault of a child—a Class IB felony,[44] which is punishable by a mandatory minimum of 15 years' imprisonment and a maximum of life imprisonment.[45] He was sentenced to 35 to 50 years' imprisonment with credit for 129 days served. As such, his sentences are within the statutory limits.

[22,23] In reviewing a sentence imposed within the statutory limits, an appellate court considers whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed.[46] When imposing a sentence, the sentencing court is to consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime.[47] The district court reviewed the presentence investigation report, which addressed all of these matters.

---

[43] See, *State v. Fleming*, 280 Neb. 967, 792 N.W.2d 147 (2010); *State v. Martinez*, 250 Neb. 597, 550 N.W.2d 655 (1996).

[44] Neb. Rev. Stat. § 28-319.01(2) (Reissue 2016).

[45] *Id.* See, also, Neb. Rev. Stat. § 28-105 (Reissue 2016); *State v. Russell*, 291 Neb. 33, 863 N.W.2d 813 (2015).

[46] *State v. Draper, supra* note 3.

[47] *Id.*

[24] Given that, traditionally, a sentencing court is accorded very wide discretion in determining an appropriate sentence,[48] we find no abuse of discretion in the sentence imposed.

## VI. CONCLUSION

We emphasize that we take very seriously Loding's complaint that James failed to obtain Loding's written consent to Robert's participation in the conduct of his trial. Although we decline to find a per se violation of the right to effective assistance of counsel, it deserves careful scrutiny under *Strickland*. And we conclude that the record is insufficient to do so. Loding's allegation regarding counsel's actions regarding A.B.'s mother also raises a serious claim of ineffective assistance of counsel. But here again, the record is insufficient.

As to Loding's other allegations of ineffective assistance of counsel, the record affirmatively refutes them. And we find no merit to his assignments of insufficient evidence and excessive sentence. We therefore affirm the judgment of the district court.

AFFIRMED.

KELCH, J., not participating.

---

[48] See *id.*