Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/03/2017 09:14 AM CDT

State of Nebraska, appellee, v.
Christian E. Phillips, appellant.
___ N.W.2d ___

Filed August 11, 2017.    No. S-16-845.

1. **Sentences: Appeal and Error.** Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed.

2. **Judgments: Appeal and Error.** An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.

3. **Sentences.** When imposing a sentence, the sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the offense. The sentencing court is not limited to any mathematically applied set of factors.

Appeal from the District Court for Lancaster County: Susan I. Strong, Judge. Affirmed.

Joseph D. Nigro, Lancaster County Public Defender, and John C. Jorgensen for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Heavican, C.J.

## INTRODUCTION

Christian E. Phillips was found guilty of a violation of the Sex Offender Registration Act (SORA). He was sentenced to 12 months' imprisonment and 12 months' supervised release. He appeals. This case presents our first opportunity to address postrelease supervision as enacted by 2015 Neb. Laws, L.B. 605. We affirm.

## FACTUAL BACKGROUND

Phillips was convicted of third degree sexual assault of a child in September 2013. Based upon that conviction, he was required to register under SORA as a 25-year registrant. Phillips received notification of that requirement and acknowledged his responsibilities under the act.

Upon release, Phillips reported a location in Sarpy County, Nebraska, as his address. Upon investigation, that address was found to be fictitious. Phillips was later discovered to be residing at a different address. He never reported this address to any sheriff's office.

Accordingly, Phillips was charged with the failure to register as required by SORA. He pled no contest pursuant to a plea agreement and was sentenced to 12 months' imprisonment and 12 months' supervised release. In connection with Phillips' supervised release, the district court set multiple conditions:

    1. Shall not violate any laws and shall refrain from disorderly conduct or acts injurious to others.

    2. Shall avoid social contact with those persons having criminal records or who are on probation or parole, except as expressly permitted by your post-release supervision/probation officer.

3. Shall report in writing and/or in person during the term of post-release supervision/probation as directed by the Court or post-release supervision/probation officer.

4. Shall truthfully answer any inquiries of the post-release supervision/probation officer and allow the post-release supervision/probation officer to visit at all reasonable times and places.

5. Shall be employed, in school or in treatment or a combination of any not less than full time, or provide proof that employment, school admission or treatment is being sought, and permission of the post-release supervision/probation officer shall be obtained before any change of employment, school or treatment.

6. Shall reside at an address provided to the post-release supervision/probation officer, and permission of the post-release supervision/probation officer shall be obtained before any change of address. Travel permits are required for any travel outside of the state of Nebraska.

7. Shall submit to search and seizure of your premises, person, or vehicle upon request of the post-release supervision/probation officer (or law enforcement officer), with or without a warrant, day or night, to determine the presence of alcoholic beverages, controlled substances or other contraband.

8. Shall not use, consume or have in your personal possession any alcoholic beverage or controlled substance (except as prescribed by a duly licensed physician or dentist) and shall submit to a chemical test of blood, breath, or urine at your expense upon request of the post-release supervision/probation officer or law enforcement officer to determine the use of alcoholic liquor or drugs. The prohibition against using, consuming and/or possessing controlled substances includes designer drugs and synthetic drugs.

9. Shall submit to random drug and alcohol testing as instructed by your post-release supervision officer but in no event fewer than 3 times per week.

10. Shall not have or associate with anyone who has possession of firearms, ammunition, or illegal weapons.

11. **FINE AND COSTS**: Shall pay:

a. Court Costs — ALL;

b. Chemical Testing: $5.00 per month to the state supervising post-release supervision office;

c. Pay a post-release supervision administrative enrollment fee of $30.00 immediately. In addition, pay a monthly post-release supervision programming fee. If supervised in Nebraska, pay a monthly fee of $25.00 per month for 12 months. Monthly post-release supervision programming fees are due and payable to the Clerk of the District Court on or before the 10th day of each month.

12. Any bond money not subject to a valid lien or assignment shall be applied to the financial obligations ordered herein. All financial obligations shall be completed no later than 30 days prior to the date of discharge from post-release supervision.

13. Shall not frequent any establishment whose primary source of business is the dispensing of alcoholic beverages.

14. Shall successfully complete an alcohol, drug, substance abuse and/or mental health evaluation and follow all recommendations for counseling or treatment at the recommended level of care, as directed by the post-release supervision/probation officer at the defendant's costs.

15. Shall attend at least 2 social support group meetings such as AA or NA per week, and obtain and maintain an AA/NA sponsor within 60 days, and verify the same with your post-release supervision/probation officer.

16. CONTINUOUS ALCOHOL MONITOR: Defendant shall be required to be equipped with and use a continuous alcohol monitoring device if directed by the post release supervision/probation officer, at the Defendant's cost.

17. Shall sign any releases necessary for continued evaluation and/or treatment of any alcohol, drug, substance abuse and/or mental health care as outlined above.

18. Shall participate in and follow the case plan developed by the post release supervision officer including, but not limited to, life skills group or educational enhancement classes, social activities, and any other programming deemed by the probation office to be of benefit to the Defendant.

19. Shall complete a sexually-based offense screening and follow any screening recommendation for evaluation or treatment as may be determined by the post release supervision officer to be reasonable and necessary for Defendant's rehabilitation.

20. Shall not use any electronic device that has access to the internet until written permission to do so is granted by the post release supervision officer.

21. To the extent Defendant has written permission to access the internet, Defendant shall comply with any limitations for such access as directed by the post release supervision officer including the installation of tracking or other software. Defendant consents, upon the request of any law enforcement officer or post release supervision officer to the examination and search of any electronic device owned or used by the Defendant. Defendant shall, on request provide law enforcement officers with all email addresses and social media identifiers of every kind or nature used by the Defendant to access any internet site. To further enable such examination or search, Defendant shall on request, provide any passwords, PINs,

access codes, web addresses, login scripts or other protocol needed to access any devices used or required to access the particular internet resource. Defendant shall not erase any internet browsing data, history or downloaded files from any electronic device.

22. Shall not use the internet for any reason unless given advanced permission by the supervising officer. If permission is granted, the defendant shall refrain from visiting or viewing any social internet site, chat room or pornographic internet site at any time. Further, the Defendant is not allowed to visit any other type of internet site in which there is interaction with other people without first identifying the site to the supervising officer and obtaining permission to utilize such site. Finally, the Defendant shall grant the officer full access to all computers to which the defendant has access upon request to confirm compliance with the prohibitions set forth herein.

23. Shall not use or possess a computer, smart phone or any other electronic device with internet access without permission of the supervising officer.

24. Shall not possess any pornographic, sexually oriented or sexually stimulating materials to include: visual, auditory, telephonic, electronic media, computer programs or services. Defendant shall not patronize any place where such material or entertainment is available. Defendant shall not utilize any sexually related telephone numbers, and may be required to submit proof of this.

25. The supervising officer may grant permission for the use of sexually oriented material only for treatment purposes.

26. Defendant shall submit to polygraph examinations as directed by the post release supervision officer at Defendant's cost.

The sentencing order additionally noted that "the Court, upon application of the supervising officer or the Defendant or upon its own Motion, may modify or eliminate any of the above conditions or add further conditions."

## ASSIGNMENTS OF ERROR

Phillips assigns that (1) his sentence was excessive and (2) certain conditions imposed were unconstitutional, "in violation of the First Amendment, Ex Post Facto protections, the Fourth Amendment and Due Process guarantees and conditions that are not reasonably related to [his] rehabilitation."

## STANDARD OF REVIEW

[1,2] Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed.[1] An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.[2]

## ANALYSIS

Phillips argues that his sentence was excessive and that certain conditions imposed upon him were unconstitutional.

### Excessive Sentence—
### Imprisonment

Phillips, a 25-year SORA registrant, failed to register his address as required by SORA. He was convicted of that violation, a Class IIIA felony, and was sentenced to 12 months' imprisonment. He argues that this sentence was excessive.

---

[1] *State v. Dixon*, 286 Neb. 334, 837 N.W.2d 496 (2013).

[2] *State v. Loding*, 296 Neb. 670, 895 N.W.2d 669 (2017).

[3] When imposing a sentence, the sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the offense. The sentencing court is not limited to any mathematically applied set of factors.[3]

As an initial matter, Phillips served 6 months on this conviction and, with good time, has since been released from imprisonment and is serving his 1-year term of postrelease supervision. In any case, however, this term of imprisonment was not excessive.

Phillips' SORA violation was a Class IIIA felony, punishable by a maximum of 3 years' imprisonment and 18 months' postrelease supervision, and/or a $10,000 fine.[4] His 1-year sentence of imprisonment was within statutory guidelines and well below the maximum.

Phillips argues that he does not have an extensive criminal record and that thus, the sentence of 1 year's imprisonment was excessive. While it might be true that Phillips does not have an extensive history, he does have at least one conviction for sexual assault—the crime that required him to register under SORA. And Phillips failed to comply with SORA. Given the nature of the charge as it related to Phillips' criminal history, we cannot conclude that this sentence was an abuse of discretion.

Phillips' first assignment of error is without merit.

## CONDITIONS OF POSTRELEASE SUPERVISION

Phillips also argues that the conditions of his postrelease supervision were unconstitutional in various respects. As noted

---

[3] *State v. Dominguez*, 290 Neb. 477, 860 N.W.2d 732 (2015).

[4] Neb. Rev. Stat. § 28-105 (Supp. 2015).

above, Phillips was convicted of a Class IIIA felony and up to 18 months' postrelease supervision is permitted.[5]

Both § 28-105 and Neb. Rev. Stat. § 29-2204.02 (Supp. 2015) authorize the imposition of postrelease supervision as part of a determinate sentence. Section 28-105(5) further provides that "[a]ll sentences of post-release supervision shall be served under the jurisdiction of the Office of Probation Administration and shall be subject to conditions imposed pursuant to section 29-2262 and subject to sanctions authorized pursuant to section 29-2266." Thus, as an initial matter, there is no question that it was proper for the district court to impose both a sentence of imprisonment and a sentence of postrelease supervision, and Phillips does not argue otherwise.

Neb. Ct. R. § 6-1904 (rev. 2016) provides the process to undertake when imposing a sentence of postrelease supervision. According to § 6-1904(A),

> [i]n cases requiring a determinate sentence pursuant to Neb. Rev. Stat. § 29-2204.02, the court shall, at the time a sentence is pronounced, impose a term of incarceration and a term of post-release supervision pursuant to Neb. Rev. Stat. § 29-2204.02(1), and shall enter a separate post-release supervision order that includes conditions pursuant to Neb. Rev. Stat. § 29-2262. The court shall specify, on the record, that conditions of the order of post-release supervision may be modified or eliminated pursuant to Neb. Rev. Stat. § 29-2263(3).

In accordance with this subsection, the district court imposed a determinate sentence of 12 months and a 12-month term of postrelease supervision, complete with conditions. It was from this final order that Phillips appealed.

Before addressing the validity of the conditions imposed upon Phillips, we must consider the State's contention that Phillips has waived any objection to those conditions.

---

[5] *Id.*

We observe that notice is essential to the resolution of whether Phillips waived any objection to the conditions of his postrelease supervision.[6] Fundamental to the question of notice are whether the defendant was adequately informed about the conditions of his postrelease supervision and whether the defendant was given the opportunity to challenge those conditions. If a defendant is not adequately informed about the conditions imposed or does not receive an opportunity to challenge them, there can be no waiver.

We conclude that, in this case, Phillips was adequately informed of the conditions of his postrelease supervision and was given the opportunity to challenge those conditions. At his sentencing hearing, Phillips refused to sign an attestation to the conditions indicating that he agreed to the conditions of his postrelease supervision. Instead, Phillips agreed only to sign an acknowledgment that he had received those conditions. But our review of the record shows that at no point during that hearing did Phillips specify the issues and concerns he had with the conditions imposed upon him. As such, we conclude that Phillips waived those conditions because his objections were insufficient to preserve them.

## CONCLUSION

The judgment and sentence of the district court are affirmed.

AFFIRMED.

---

[6] Cf. *State v. Marrs*, 272 Neb. 573, 723 N.W.2d 499 (2006).