IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. CLARKE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

SHANNON L. CLARKE, APPELLANT.

Filed May 22, 2018.    No. A-17-554.

Appeal from the District Court for Boone County: RACHEL A. DAUGHERTY, Judge. Affirmed.

Jerod L. Trouba, of Trouba Law Offices, L.L.C., for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

PIRTLE, BISHOP, and ARTERBURN, Judges.

BISHOP, Judge.

## I. INTRODUCTION

Shannon L. Clarke pled no contest to one count of "sexual assault by use of electronic communication" pursuant to Neb. Rev. Stat. § 28-320.02 (Reissue 2016), and the district court for Boone County sentenced him to 9 to 9½ years' imprisonment. Clarke argues that his sentence is excessive and that his counsel was ineffective. For the following reasons, we affirm.

## II. BACKGROUND

On December 22, 2016, the State filed an information charging Clarke with first degree sexual assault of a child, pursuant to Neb. Rev. Stat. § 28-319.01(1)(b) (Reissue 2016), a Class IB felony. The information alleged that on or about October 14, Clarke "subject[ed] another person who was at least twelve (12) years of age, but less than sixteen (16) years of age to sexual

- 1 -

penetration while being an actor who is twenty-five (25) years of age or older"; the alleged victim was C.J.B., born December 2000.

On April 4, 2017, pursuant to a plea agreement, Clarke pled no contest to an amended information charging him with "sexual assault by use of electronic communication," pursuant to § 28-320.02, a Class ID felony. The amended information alleged that on or about October 14, 2016, Clarke did "knowingly solicit, coax, entice or lure [a] child sixteen (16) years of age or younger by means of an electronic communication devices [sic] to persuade a child to engage in an illegal sexual act as defined in §28-319"; the alleged victim was C.J.B. The plea agreement also included a "joint recommendation to be made at sentencing of [a] minimum of nine years, maximum of nine-and-a-half years."

According to the factual basis provided by the State:

[B]eginning in September of 2016, [Clarke] and the victim, [C.J.B.], began communicating via electronic communication devices and the social media platform of Facebook. During these communications via Facebook, [Clarke] did solicit, coax, entice and lure the victim into engaging in a sexual act which would be in violation of Section 28-319, First Degree Sexual Assault.

On or about October 14th, 2016, [Clarke] and the victim further communicated via Facebook about a sexual encounter where [Clarke] did again solicit, coax, entice and/or lure the victim into engaging in a sexual act which would be in violation of Section 28-319. [Clarke] and the victim did engage that day in sexual intercourse including penile/vaginal penetration in his apartment.

[Clarke] has a date of birth of April . . . 1989, making him 27 at the time of this communication; and the victim has a date of birth of [December 2000] making her 15 during that same time period.

All these events did occur in Boone County, Nebraska.

The district court accepted Clarke's no contest plea to the amended information and later sentenced him to 9 to 9½ years' imprisonment, with 175 days' credit for time served. Clarke appeals.

### III. ASSIGNMENTS OF ERROR

Restated, Clarke assigns as error that (1) the district court imposed an excessive sentence and (2) he received ineffective assistance of counsel.

### IV. STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Dyer*, 298 Neb. 82, 902 N.W.2d 687 (2017). A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Id.*

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Loding*, 296 Neb. 670, 895 N.W.2d 669 (2017). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only

questions of law: Are the undisputed facts contained within the record sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance? *Id*.

## V. ANALYSIS

### 1. EXCESSIVE SENTENCE

Clarke assigns the district court erred by sentencing him to 9 to 9½ years' imprisonment, instead of a lesser term of incarceration. Clarke was convicted of "sexual assault by use of electronic communication" pursuant to § 28-320.02, which is a Class ID felony. Under Neb. Rev. Stat. § 28-105 (Reissue 2016), a Class ID felony is punishable by a mandatory minimum of 3 years' imprisonment, and up to a maximum of 50 years' imprisonment. Clarke's sentence was therefore within the statutory limits.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Stone*, 298 Neb. 53, 902 N.W.2d 197 (2017). When imposing a sentence, the sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the offense. *Id*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *State v. Chacon*, 296 Neb. 203, 894 N.W.2d 238 (2017).

Clarke was 28 years old at the time of sentencing. He was single, but engaged. He has three children, but "has not been ordered to pay child support for his children" and "has no contact with his children." Clarke has a GED and at the time of his arrest had just started a new job; he had previously worked for a friend in Texas for 6 months in 2016, and for an assisted living facility in Kansas in 2015. He had a rough childhood and was the victim of physical, emotional, and sexual abuse. He spent time in foster care, and was living in foster care when he turned 18. Clarke told the probation officer, "'I drink a beer every month and smoke pot as often as I can for my depression and backpain. It helps me cope with feeling unloved by my biological family.'" In the past he experimented with methamphetamine, cocaine, LSD, and mushrooms.

Clarke has no prior criminal history. Regarding his current conviction, he had intercourse with a 15-year-old girl after soliciting, coaxing, enticing and/or luring her on Facebook. The probation officer stated that Clark "refuses to acknowledge his involvement in the pending criminal charge, blaming the victim for hacking into his Facebook account and placing the inappropriate messages."

As part of the presentence investigation, the probation officer conducted a level of service/case management index. Clarke was assessed as "high" risk in the following criminogenic risk factors for recidivism: family/marital and leisure/recreation. Clarke was assessed as "very high" risk in the following factors: companions and procriminal attitude/orientation. The Vermont Assessment of Sex Offender Risk placed Clarke in the low risk range of reoffense and violence.

The probation officer opined that Clarke was not an appropriate candidate for probation, and recommended that he be sentenced to the statutory penalty of incarceration.

At the sentencing hearing, both the State and Clarke's counsel asked the court to follow the plea agreement and sentencing recommendation of 9 to 9½ years' imprisonment. The district court considered all of the relevant sentencing factors, specifically noting Clarke's "difficult life." The court also considered the fact that Clarke had "taken little responsibility" for his actions in this case.

Having reviewed the record in this case, and considering that Clarke's sentence was the same as the joint sentencing recommendation under the plea agreement, we find the district court did not abuse its discussion in the sentence ordered.

### 2. EFFECTIVENESS OF COUNSEL

When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. Otherwise, the issue will be procedurally barred. *State v. Casares*, 291 Neb. 150, 864 N.W.2d 667 (2015).

The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *State v. Loding, supra*. The determining factor is whether the record is sufficient to adequately review the question. *Id*.

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense. *State v. Sellers*, 279 Neb. 220, 777 N.W.2d 779 (2010). In a plea context, deficiency depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *State v. Haynes*, 299 Neb. 249, 908 N.W.2d 40 (2018). The prejudice requirement in a plea context is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id*. The two prongs of this test, deficient performance and prejudice, may be addressed in either order. *State v. Fester*, 287 Neb. 40, 840 N.W.2d 543 (2013).

Clarke contends that he received ineffective assistance of counsel for various reasons. We discuss each in turn.

### (a) Failure to Advise of Right to File Motion to Suppress

Clarke contends his trial counsel failed to advise him of his right to file a motion to suppress requesting the court to exclude from evidence any and all statements he made to law enforcement in violation of the Fifth Amendment of the Nebraska and federal Constitutions. He claims there are "disputed facts" as to whether he had appropriately been advised of his *Miranda* rights during interrogation by law enforcement, and "had [he] known of his ability to challenge the admissibility of his statements against him, he would have requested to do so," and "he would have demanded proceeding with trial in this matter." Brief for appellant at 18. However, as noted by the State, "[t]he record belies this assertion." Brief for appellee at 6.

At the plea hearing, it was noted that a statement and an electronic device were taken from Clarke. The court then engaged in the following colloquy with Clarke and his counsel.

THE COURT: Okay. Was evidence or statements taken from the defendant, [defense counsel]?

[DEFENSE COUNSEL]: No, Your Honor, not that I'm aware of.

THE COURT: Was there an electronic device taken?

[DEFENSE COUNSEL]: Yes, there was, Your Honor. I apologize.

[THE STATE]: And a statement, too.

THE COURT: Mr. Clarke, if I accept your no contest plea today, you would waive or give up your right to contest the admissibility of any statements or evidence that was seized from you; do you understand that?

[CLARKE]: Yes, ma'am.

THE COURT: Have you discussed that right and waiving it with [your counsel]?

[CLARKE]: Yes, ma'am.

THE COURT: And is it your desire to waive that right?

[CLARKE]: Yes, ma'am.

THE COURT: And [defense counsel], do you believe your client understands that he's waving his right to a Motion to Suppress?

[DEFENSE COUNSEL]: Yes, Your Honor.

THE COURT: The Court finds beyond a reasonable doubt that Mr. Clarke does understand his right to a Motion to Suppress, and he waives that right, doing so freely, voluntarily, knowingly and intelligently.

The record shows that the court informed Clarke of his right to contest the admissibility of statements or evidence, and that he had also discussed that right with his counsel. Accordingly, Clarke's claim that his counsel failed to discuss a motion to his suppress statements is not supported by the record and Clarke's ineffectiveness claim on this issue necessarily fails.

### (b) Evidence Collected Pursuant to Search Warrants and Depositions of Potential Facebook and Verizon Witnesses

Clarke contends his trial counsel

failed to advise him of his right to seek judicial review of admissibility of evidence collected pursuant to [two search warrants], in the search of alleged messages from Facebook between [Clarke] and the victim, and to seek exclusion [of] their admissibility based upon lack of foundational requirements and collection of evidence in violation of the 4th Amendment to the Nebraska Constitution.

Brief for appellant at 19. He asserts that "had [he] understood his right to challenge the admissibility of those [Facebook] communications, that would have affected how he wished to proceed in this matter," "[g]iven that, if those statements had been suppressed or excluded from being admitted at trial [his] desire to move forward with trial or enter a plea may have been further affected." Brief for appellant at 20.

Clarke also contends his trial counsel failed to take depositions of potential witnesses from Facebook, Inc., and/or Verizon, Inc., to question the foundation of messages used as evidence against Clarke in advance of accepting any type of plea agreement. He argues information

regarding the user identification of the alleged victim, his user identification, and internet protocol (IP) address information (i.e., how IP addresses could be linked to the alleged victim and Clarke to the dates and times of statements), and how statements are collected, stored, and produced, would have been relevant information to be obtained from the witnesses.

We have previously set forth the colloquy the court had with Clarke and his counsel at the plea hearing. It is clear from that discussion that Clarke was aware of his right to contest the admissibility of evidence seized from him and voluntarily chose to waive that right. Thus, Clarke's ineffectiveness claim necessarily fails in that regard.

Furthermore, Clarke has not shown and cannot show prejudice regarding the foundational challenges to the Facebook messages or trial counsel's failure to depose potential witnesses from Facebook or Verizon. The prejudice requirement in a plea context is satisfied if the defendant shows a "reasonable probability" that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *State v. Haynes, supra*. See, also, *State v. Barrera-Garrido*, 296 Neb. 647, 895 N.W.2d 661 (2017) (self-serving declarations that defendant would have gone to trial not enough to warrant hearing; defendant must present objective evidence showing reasonable probability he or she would have insisted on going to trial).

The likelihood of the defense's success had Clarke insisted on going to trial is relevant to this prejudice analysis. See *State v. Haynes, supra*. It is relevant to the consideration of whether "'a rational defendant [would have] insist[ed] on going to trial.'" *Id*. at 263, 908 N.W.2d at 53 (brackets in original). The likelihood of the defense's success had the defendant gone to trial should be considered along with other factors, such as the likely penalties the defendant would have faced if convicted at trial, the relative benefit of the plea bargain, and the strength of the State's case. *State v. Haynes, supra*.

In this case, had Clarke not taken the plea deal and instead gone to trial, he would have gone to trial on the original charge of first degree sexual assault of a child, pursuant to § 28-319.01(1)(b). Section 28-319.01(1)(b) states, "A person commits sexual assault of a child in the first degree: . . . When he or she subjects another person who is at least twelve years of age but less than sixteen years of age to sexual penetration and the actor is twenty-five years of age or older." It would have been easy enough to prove the age of the victim (15) and the age of Clarke (27) at the time of the incident on October 14, 2016. And the presentence investigation report states that during an interview at the Child Advocacy Center in Norfolk, Nebraska, the victim "advised that [Clarke's] penis was in her vagina and that's how they had sexual intercourse" on October 14. Evidence of penetration and the ages of the victim and Clarke is all that would have been necessary at trial to convict Clarke of first degree sexual assault of a child, under § 28-319.01(1)(b); Facebook messages and electronic devices would be irrelevant, as would their admissibility or depositions regarding such. First degree sexual assault of a child is a Class IB felony with a mandatory minimum sentence of 15 years in prison for the first offense. § 28-319.01(2). And Class IB felonies are punishable by a maximum of life imprisonment. § 28-105.

Given the strength of the State's case under the original charge, it is not likely a rational defendant would have insisted on going to trial. Also, under the original charge, Clarke would have been facing a mandatory minimum sentence of 15 years in prison, and up to life imprisonment. Instead, under the amended charge in the plea agreement, Clarke faced a mandatory minimum sentence of 3 years in prison, and up to 50 years' imprisonment. With the significantly

reduced mandatory minimum and the sentencing recommendation of 9 to 9½ years' imprisonment, Clarke cannot show a reasonable probability that he would have gone to trial, thus he cannot show prejudice. Therefore, Clarke's ineffective assistance of counsel claims regarding the admissibility of Facebook messages and counsel's failure to depose Facebook and Verizon witnesses are without merit.

### (c) Failure to Take Depositions of Victim and Officer

Clarke contends counsel failed to take depositions of the victim and a police officer regarding the validity of the allegations in advance of accepting any type of plea agreement. He argues the record herein is not sufficient to determine if depositions were ever discussed, if depositions were ever attempted, or if depositions were ever even considered by trial counsel.

Because Clarke's claims that trial counsel was ineffective for failing to take certain depositions implicates matters of trial strategy and potentially implicates privileged communications between Clarke and his trial counsel, they cannot be determined on the record before us.

### (d) Change of Venue

Clarke contends his trial counsel failed to discuss and take seriously his request for a change of venue. Because Clarke's claim implicates matters of trial strategy and potentially implicates privileged communications between Clarke and his trial counsel, it cannot be determined on the record before us.

### VI. CONCLUSION

For the reasons stated above, we affirm Clarke's sentence.

AFFIRMED.